## AMERICAN WINDOW GLASS CO. v. NOE.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1908.)

### No. 1,322.

1. WRIT OF ERROR—ORDER DENYING NEW TRIAL—REVIEW.

An order of a federal court denying a new trial is not reviewable on a writ of error to the Circuit Court of Appeals.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3860–3865.]

2. TRIAL—TRIAL OF CAUSES TOGETHER—DISCRETION OF COURT.

Where the plaintiff in each of two actions was injured in the same accident, and the same evidence, except as to the extent of the injuries, was determinative of both cases, it was a proper exercise of the trial court's discretion to consolidate the cases for trial over defendant's objection relating only to the disparity between the injuries of the two plaintiffs, under Rev. St. § 921 [U. S. Comp. St. 1901, p. 685], authorizing the consolidation of cases for the purpose of trial "when it appears reasonable to do so."

3. MASTER AND SERVANT—INJURIES TO SERVANT—PLANS OF WORK—DUTY OF MASTER.

A master, in dismantling a building, while free to adopt and carry out its own plans therefor, owed to its servants the legal duty of exercising the standard of care prescribed by law for their safety.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 173.]

4. SAME—NEGLIGENCE OF MASTER.

Plaintiff, a laborer employed to remove material taken from defendant's building in process of destruction, was injured by the collapse of a standing portion which had been detached from the main building. Defendant's superintendent knew that such standing portion was out of plumb, and had been greatly weakened by the sawing of braces and the removal of the nuts from rods which were left in place, and with this knowledge ordered plaintiff to go within reach of such insecure mass shortly before it fell. *Held*, that defendant was not free from negligence as a matter of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1010–1031.]

5. SAME—SAFE PLACE TO WORK—DUTY OF MASTER.

In tearing down buildings, the employer does not owe to the workmen the specific duty of providing them with a safe place to work.

6. SAME—ASSUMED RISK.

While plaintiff, a laborer engaged in the removal of material from a building in process of destruction, who was injured by the collapse of a standing portion, assumed all the risks naturally incident to the extra-hazardous work, he did not assume the risk of the negligence of the superintendent of the work in ordering him into a position where he would be struck by the collapse of a standing portion of the building, which had been weakened by the sawing of braces and the removal of nuts from rods left in place without plaintiff's knowledge, giving such standing portion a false appearance of solidity.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 610–612.]

In Error to the Circuit Court of the United States for the District of Indiana.

Plaintiff in error, defendant below, seeks a reversal of a judgment for damages on account of the personal injury of the plaintiff by the alleged negligent acts of the defendant. The assignments are that the court erred in overruling the demurrer to the complaint; in consolidating this action with that of another plaintiff against this same defendant and requiring the defendant to try the two cases together; in overruling defendant's motion for a directed verdict; in giving certain instructions to the jury; and in overruling the motion for a new trial.

John W. Kern and L. B. Simmons, for plaintiff in error.
Pierre Gray and William J. Houck, for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge, delivered the opinion of the court: The action of the court in refusing to grant a new trial is not reviewable. No exception was taken to any of the instructions to the jury. As there was no substantial difference between the case as pleaded and as proven, the only questions are whether the court erred in compelling the trial of this case with another, and whether the evidence affords a legal basis for the verdict.

Section 921, Rev. St. [U. S. Comp. St. 1901, p. 685] authorizes the consolidation of cases for the purpose of trial "when it appears reasonable to do so." The ground of plaintiff's motion was that he and the other plaintiff were injured in the same accident, and that the same evidence, except as to the extent of the injuries, was determinative of both cases. The only stated reason of defendant's opposition was the disparity between the injuries, the other plaintiff being comparatively

unhurt, while this plaintiff was rendered utterly and forever helpless. Undoubtedly the condition of this plaintiff made a very strong appeal to the sympathies of the jury; but the record contains nothing that affords a basis for concluding that the verdict was other than it would have been if this case had been tried alone. The possibility, or our conjecture, that a separate trial might have resulted differently is no warrant for holding that the trial judge in sustaining the motion abused the discretion that is lodged in him by the statute. If ever this discretion may fitly be exercised in sustaining a contested motion of this character, it would seem to be when the parties agree that all questions except as to the amounts of the claims are covered by the same evidence. Denver Tramway Co. v. Norton, 141 Fed. 599, 73 C. C. A. 1; Mutual Life Ins. Co. v. Hillmon, 145 U. S. 285, 12 Sup. Ct. 909, 36 L. Ed. 706.

Defendant was engaged in taking down one of its factory buildings, a frame structure 200 feet long, 80 feet wide, 50 feet high. The skeleton was made up of bents or trusses about 20 feet apart, supported on posts about 20 feet high, and knit together by a system of rafters, braces, and rods. There was evidence tending to prove that prior to the accident all of the siding and roofing and sheeting had been removed, and that four or five bents had been taken down one at a time by cutting them loose and pulling them away from the remaining standing portion; that the next bent was pulled down, in obedience to the express command of defendant's superintendent, towards and against the standing portion; that at this time a large proportion of the rafters, braces, and rods in the remainder of the building had already been loosened or detached; that while plaintiff and some others, in obedience to the express command of defendant's superintendent, were taking apart and removing the materials of the bent last pulled down, other laborers were going on with the work of loosening the rafters, braces, and rods of the standing portion, and thereupon the collapse occurred in which plaintiff was injured; that while plaintiff was so at work defendant's superintendent was notified that the standing portion was somewhat out of plumb; that the aforesaid conditions of the standing portion were in fact unknown to plaintiff, and were not obvious because rafters were loosened at one end and allowed to remain in position, braces were sawn in two and retained the appearance of solidity, and nuts were removed from rods that were left in place.

Defendant, citing Mississippi Co. v. Schneider, 74 Fed. 195, 20 C. C. A. 390, insists that the judgment must be reversed because there was no evidence that the methods employed in dismantling the building were not the usual and customary methods. The evidence, however, was unequivocal that there was no usual or customary method of dismantling buildings of the class in question. The cited case illustrates the rule that evidence of a defendant's failure to do a thing in the customary way may be admitted as tending to establish the defendant's failure to exercise that degree of care which a person of ordinary prudence would exercise under like circumstances; but it does not decide that a customary way is the only nonnegligent way, and much less does it lend countenance to the claim that a thing can never be negligently done before custom has established a prudent way of doing it.

. Defendant was free to adopt and carry out its own plans for dismantling the building. In doing the work, however, defendant owed to its employés the legal duty of exercising care for their safety. The standard of care was that which is prescribed by the law. Ordinarily the jury, under instructions from the court as to' the legal standard of care, should be left to decide whether or not the defendant's conduct .measures up to that standard, for it may well be assumed that the united judgment of·12 average citizens correctly gauges the conduct of the "person of ordinary prudence." Some lines of conduct of the "person of ordinary prudence" are, however, so instinctive or have been so thoroughly characterized in the common, or at least the preponderant, sentiment of·mankind, that a court cannot but know that it would be impossible for a jury in a case of that class to return a verdict for the plaintiff without rejecting the conduct of the person of ·ordinary prudence as the standard and setting up one of their own for that particular case. In such instances it is proper for the court to direct the verdict. Here the defendant's superintendent knew that the standing portion of the building was out of plumb, and had already been greatly weakened. While the remaining braces and stays were being removed under his supervision, he ordered the plaintiff, a common laborer, to go within reach of the insecure mass. We fail to perceive how the court could rightly have charged the jury that the defendant's conduct was not negligent.

The final contention is that a verdict for the defendant. should have been directed, because the evidence discloses that the plaintiff assumed the risk of receiving the injury he complained of. In tearing down buildings it would be manifestly unfair to hold an employer to a specific duty to. provide his workmen a safe place in which to do the dismantling. American Bridge Co. v. Seeds, 144 Fed. 605, 75 C. C. A. 407, 11 L. R. A. (N. S.) 1041; Ry. Co. v. Brown, 73 Fed. 970, 20 C. C. A. 147; Ry. Co. v. Jackson, 65 Fed. 48, 12 C. C. A. 507. But the exemption from that specific duty does not excuse the employer's failure to perform his general duty of exercising for his employé's safety the prudence of the ordinary person. Plaintiff undoubtedly assumed all the risks that naturally inhered in this extrahazardous work; but he did not assume the risk of its being made still more hazardous by defendant's negligence. Hawley v. Ry. Co., 133 Fed. 150, 66 C. C. A. 216. When plaintiff was ordered by the superintendent to work under the standing portion of the building, he had the right to believe that he would not be subjected to injury by the superintendent's failure to exercise ordinary care in directing other parts of the work. Was the risk so obvious that plaintiff should have refused to obey the superintendent's order? The whole structure was open to his view. He saw that while he was at work on the down timbers other men were getting other bents ready to be pulled down. But appearances of braces and stays and rods, as heretofore stated, were deceptive. Plaintiff was not bound to assume, as against his primary right to rely on the superintendent's direction, that braces which had the appearance of solidity were sawed in two and that nuts had been removed from rods which were in normal position.

The judgment is affirmed.