STANDARD DISTILLING & DISTRIBUTING CO. v. HILL.

(Circuit Court of Appeals, Seventh Circuit.   October 6, 1908.)

No. 1,446.

1. MASTER AND SERVANT (§ 288*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY—ASSUMPTION OF RISK.

That a servant knew of a defect in an appliance with which he worked does not establish conclusively that he knew the danger therefrom, and, where such danger was not obvious to any person of ordinary intelligence, the question of assumption of risk is one for the jury, in an action by the servant against the master to recover for an injury resulting from such defect.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

2. MASTER AND SERVANT (§ 289*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY—CONTRIBUTORY NEGLIGENCE.

In an action by a servant against the master to recover for a personal injury caused by a defective appliance, the question of contributory negligence held properly submitted to the jury under the evidence.'

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089–1132; Dec. Dig. § 289.*]

3. DAMAGES (§ 160*)—PERSONAL INJURIES TO SERVANT—EVIDENCE.

Where the declaration in an action by a servant against the master for a personal injury alleged that plaintiff had expended a sum of money in endeavoring to be cured of his injuries, evidence was admissible that he had contracted an indebtedness therefor, although it had not been paid.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 445; Dec. Dig. § 160.*]

In Error to the Circuit Court of the United States for the Northern Division of the Southern District of Illinois.

Alfred S. Austrian, for plaintiff in error.
William A. Potts, for defendant in error.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge.   This writ is brought to reverse a judgment recovered by Hill for damages on account of personal injuries. At defendant's plant plaintiff was employed to operate a car-puller, by means of which cars loaded with grain were hauled onto scales. Through the side of the building extended a shaft that revolved con-

tinually while the plant was running. On the shaft was a metal cylinder having a flange at the end next to the building. In pulling a loaded car the operator would attach one end of a long rope to the car, and taking the other end would go back and throw three or four coils around the cylinder, beginning next to the flange, and then pull the rope taut. The friction would cause the rope to wind up on the revolving cylinder. As a new coil would form, next to the flange, it would crowd the older coils along the cylinder over towards the free end. The cylinder had been in use for 10 or 11 years. A groove, from a sixteenth to an eighth of an inch deep, and of a width to fit the inch and a quarter rope, had become worn in the metal at the foot of the flange. On the occasion of plaintiff's injury, a coil that was in the groove failed to slide along the cylinder to make room for a newly forming coil, with the result that the rope, forced up by the flange, started to coil back over the coils that were on the cylinder. Plaintiff's right hand was caught between these upper and nether coils, and he was severely injured before he could be extricated. The negligence charged against defendant was its permitting the cylinder to become worn so that the rope was liable to jump and catch the hands of the operator. The assignments of error relate to assumption of risk, contributory negligence, and admissibility of evidence.

The groove, of course, was in plain sight, and plaintiff admitted that for several weeks before he was hurt he actually knew it was there. So defendant contends that the case should have been taken from the jury. But there is a vast difference, frequently, between seeing a defect and realizing the risks that may arise therefrom. Hawley v. Chicago, B. & Q. R. Co., 133 Fed. 150, 66 C. C. A. 216; American Window Glass Co. v. Noe, 158 Fed. 777, 86 C. C. A. 133. Defendant, knowing that a similar accident had happened to a former operator of this car-puller, knew the danger as well as the defect, but neglected to inform plaintiff thereof; and plaintiff testified that he did not know the danger. Now some laws of nature are so commonly known, and some dangers are so obvious, that an adult of ordinary intelligence cannot honestly profess ignorance. A verdict should not be permitted to stand that rests upon a plaintiff's protestation that he did not know that fire would burn, or that he did not appreciate the risk of attempting to climb a broken ladder. But the risk here did not arise from the groove alone. The weight of the car or cars to be pulled, humidity as affecting the stiffness and sliding quality of the rope, the number of coils on the cylinder, and the pull on the free end of the rope, were also elements in determining whether the coil next to the flange would slide along or would stick in the groove. Indeed, in the absence of information or experience to the contrary, plaintiff, a common laborer, may well have failed to appreciate that so slight a groove could have obstructed so large a rope. And so we think that the court committed no error in submitting to the jury the matter of assumption of risk as a question of fact.

Just the instant before the rope jumped, plaintiff had his right hand near or on the coils that were on the cylinder, for the purpose of taking off a string or small raveling. Was this necessarily contributory negligence? Bearing in mind that, down to this point, there was evidence

from which the jury could properly find that the rope would not have jumped except for the groove, that the likelihood of such jumping was not obvious, that defendant knew of the risk and failed to inform plaintiff, that plaintiff did not know of the risk and presumed that defendant had exercised due care in providing him safe appliances to work with, it was proper to submit the question to the jury.

In the declaration plaintiff averred that he had laid out a large sum, to wit, $1,000, in endeavoring to be cured of his injuries. As a witness in his own behalf he was asked whether he had "incurred any expenses." This was objected to as "incompetent and immaterial under the pleadings." Plaintiff was permitted to state that he had laid out certain moneys for medicines and had incurred a liability to his physician, the amount of which he did not know. Defendant now insists that the court erroneously allowed the jury to include an unpaid debt in their assessment of damages. But neither by a motion to strike out nor by a request for an instruction did defendant ask the court to limit the recovery on this part of the case to the sums actually paid. And the question to which exception was taken and which opened up this line of investigation was proper, in our opinion, because, although defendant was to be held under the declaration only for money expended, the money would have to be expended in satisfaction of a liability actually incurred.

The judgment is affirmed.