JESSE C. AKELY and Others, Respondents, v. G. HERMANN KINNICUTT and Others, Copartners Doing Business under the Firm Name and Style of KISSEL-KINNICUTT & COMPANY and Another, Appellants.

First Department, March 21, 1924.

Costs — security — action by 193 plaintiffs joined under Civil Practice Act, § 209, alleging separate causes of action and asking for separate judgments — all non-residents must give security for costs under Civil Practice Act, § 1522, subd. 1 — Civil Practice Act, § 1522, subd. 8, is not applicable except where resident plaintiff is joined with non-resident plaintiff in same cause of action.

In an action by 193 plaintiffs joined under section 209 of the Civil Practice Act, each alleging a separate cause of action against the defendants, and asking for separate money judgments, all of the non-resident plaintiffs must give security for costs under subdivision 1 of section 1522 of the Civil Practice Act.

The proper construction of subdivision 8 of section 1522 which provides that in a case specified in that section, if there are two or more plaintiffs the defendant cannot require security for costs to be given unless he is entitled to require it of all the plaintiffs, when applied to an action brought under section 209 of the Civil Practice Act is, that in the event any particular cause of action or case alleged in the action is claimed by any particular plaintiff or group of plaintiffs and such plaintiff or any one of such group is a resident, then security for costs need not be given in that case; but if the plaintiff is a non-resident, or all plaintiffs claiming such cause of action or case are non-residents, he or they will be required to give security for costs.

APPEAL by the defendants, G. Hermann Kinnicutt and others, from an order of the Supreme Court, made at the New York

Special Term and entered in the office of the clerk of the county of New York on the 7th day of February, 1924, denying their motion that non-resident plaintiffs be directed to give security for costs.

*Cotton & Franklin* [*Joseph P. Cotton* of counsel; *George H. Savage* and *Wilton Lloyd-Smith* with him on the brief], for the appellants Kinnicutt and others.

*Frank H. Hall* [*Joseph P. Cotton* of counsel; *George H. Savage* and *Wilton Lloyd-Smith* with him on the brief], for the appellant Bedford.

*Austin, McLanahan, Merritt & Ingraham* [*H. Preston Coursen* of counsel], for the respondents.

McAVOY, J.:

Defendants appeal from an order denying the defendants' motion which requested a direction that all non-resident plaintiffs in this action be required to give security for costs. Section 1522 of the Civil Practice Act is the provision governing security for costs by non-resident plaintiffs. It reads:

" § 1522.  *  *  *  The defendant in an action brought in a court of record may require security for costs to be given:

" A. Where the plaintiff, when the action was commenced, either was

" 1. A person residing without the State;  *  *  *."

A limitation is put upon the foregoing provision in this subdivision following:

" 8. In a *case* specified in this section, if there are two or more plaintiffs, the defendant cannot require security for costs to be given unless he is entitled to require it of all the plaintiffs."

The plaintiffs respond to defendants' motion for an order directing that security for costs be furnished by the non-resident plaintiffs, by an affidavit which shows that one of the plaintiffs is a resident of New York. If plaintiffs' construction of the word " case," which makes it a synonym for " action," is correct, then the order made at Special Term was right; but if the word " case " is to be construed in its usual meaning, as defined by lexicographers and according to its usage in the decisions of jurists, its application is rather to each individual *case* than to a multiple suit or action designed to enforce several causes. Thus we see in *Kundolf* v. *Thalheimer* (12 N. Y. 593, 596) the court's opinion defining the customary meaning of this term: " The primary meaning of the word case, according to lexicographers, is *cause*. When applied to legal proceedings it imports a state of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice. In this, its generic sense, the word includes all cases, special or otherwise.

At the forming of the Constitution, independently of the general division of cases into those cognizable in equity and those at law, the latter were by the common law grouped into different species; each of which, as a general rule, was designated by the leading fact or incident which was the cause or ground of the action of the court in that particular species of case, as debt, assumpsit, trespass, etc."

We find, too, in *Woodruff* v. *Dickie* (31 How. Pr. 164) that Mr. Justice MONELL for the General Term of the Supreme Court wrote, in construing section 173 of the old Code of Procedure which allowed an amendment to the pleading by inserting other allegations material to the " case," that the word was referred to as also constituting the cause of action or defense. The pertinent part of the opinion follows: " The clause of the Code which allows an amendment ' by inserting other allegations material to the case ' does not, in my opinion, extend the power over amendments setting forth a new cause of action or defense. What is the ' case '? Is it not the facts stated in the pleading, as constituting the cause of action or defense? Clearly, it is; then the allegations proposed to be inserted must be material to the ' case ' already made, and not merely material to another and wholly different case."

The word is well defined in another jurisdiction in conformity with our own court's notion in *State ex rel. Kochtitzky* v. *Riley* (203 Mo. 175), where the court said: " * * * the word ' case ' * * * means the facts, or the state of facts, which constitute the rights of the individual, or his cause of action, which the ' proceeding,' ' action,' or ' suit,' protects and enforces. * * * In the construction of a statute, ' the words of the law are to be taken in their ordinary, usual, and natural meaning.' "

In this action there is no case stated in behalf of more than one plaintiff in any one cause, or case. Each plaintiff claims to have his own individual case, and, therefore, the provision of subdivision 8 of section 1522 of the Civil Practice Act is not applicable.

There are at least 34 of the 193 plaintiffs who are non-residents on their own showing. Plaintiffs' attorneys state the number of plaintiffs resident outside of the State of New York to be at least 181. The complaint contains, separately stated and numbered, 193 independent causes of action, one in behalf of each of the several plaintiffs. There is no cause of action stated in behalf of more than one plaintiff, and each plaintiff prays an independent money judgment in which no other plaintiff will have any interest. The assertion is made that non-resident plaintiffs, alleging independent causes of action not hitherto subject to joinder in one

action prior to the adoption of section 209 of the Civil Practice Act, are permitted to sue in the courts of this State without giving security for costs, where there is joined together with them in an action a resident plaintiff who alleges a distinct cause of action from that of the others, for which he seeks an independent money judgment. If the action were one where all the plaintiffs would recover in one judgment or all of the defendants defeat a recovery by a judgment dismissing the complaint, subdivision 8 of section 1522 of the Civil Practice Act would be pertinent to the demand for requirement of security for costs. Here there are 193 separate actions by that many plaintiffs joined under the new section 209 with an independent judgment demanded for each, and where they will be entitled to separate judgments against each of the unsuccessful defendants. There can be no doubt that, under the plan of the Legislature which requires non-residents to give security for costs, the defendants would be granted the right to this remedy in each instance if they were required to meet alleged causes of action by independent non-resident plaintiffs in separate actions. The spirit of the enactment ought not to permit the defendants to lose, by mere joinder with non-residents of a resident plaintiff, the right to security for costs where independent actions are brought by the separate plaintiffs under a joined cause. Heretofore a resident plaintiff could not join a non-resident plaintiff in any action, except where there was a general or common interest in the subject-matter of the cause itself, in which cause there could be but one judgment against the plaintiff for costs in the event of the failure of the suit. In the instances formerly arising the resident plaintiff would be liable for whatever costs the defendant might recover. Under the procedure permitted by section 209 of the Civil Practice Act, where independent causes arise out of the same transaction, in which common questions of law and fact may arise, the resident plaintiff is not liable for the costs of a coplaintiff to the defendant. If the resident plaintiff should be unsuccessful in the action, he would be liable solely for costs against himself on one cause of action. He could not be adjudged liable for the costs of his coplaintiffs in this consolidated form of action.

There is nothing in section 209 that indicates that it was intended to impair the long-established rule which compels non-resident plaintiffs to give security for costs merely because joinder of a resident plaintiff asserting a wholly separate cause of action is permitted. The reason for the rule hitherto existing, prohibiting requirement of security for costs against non-resident plaintiffs if a resident plaintiff were joined, that a resident plaintiff would be liable to the defendant for costs recovered against non-residents

joined as plaintiffs, ceases as to actions of the type here with the permission of the Civil Practice Act to join independent plaintiffs having independent causes of action, resident and non-resident, and the reason ceasing, the rule must cease. *Ratione cessante, lex cessat.*

We think that where separate causes of action are brought by plaintiffs who are not united in interest in any one of the causes of action, each plaintiff is liable to defendant for his costs if defendant succeeds, and that the same rights in the action against each plaintiff belong to the defendant as if a separate action had been brought against him by that plaintiff. Where parties who have separate claims do unite under section 209 of the Civil Practice Act as plaintiffs, they impliedly accept the ordinary liabilities imposed on plaintiffs under other provisions of the Civil Practice Act. Each is liable for costs in case of non-success. Each who is a non-resident of the State must give security for costs. None of the rights or privileges which the defendants would possess as litigants if separate actions had been brought by each plaintiff, can be evaded by this joinder, except those necessarily precluded by the incidence of joinder.

The proper construction of subdivision 8 of section 1522, when applied to an action brought under section 209, is, that in the event any particular cause of action or case alleged in the action is claimed by any particular plaintiff or group of plaintiffs, and such plaintiff or any one of such group is a resident, then security for costs should not be given in that case; but if the plaintiff is a non-resident, or all plaintiffs claiming such cause of action or case are non-residents, he or they should be required to give security for costs.

In this action there is no case stated in behalf of more than one plaintiff in any one cause. Each plaintiff claims to have his own individual case under its separate statement and number, and, therefore, the exception under subdivision 8 of section 1522 does not exonerate the non-resident plaintiffs from the general direction of the section.

The order so far as appealed from should be reversed, with ten dollars costs and disbursements, and the motion for an order requiring non-resident plaintiffs to furnish security for costs is granted.

DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted. Settle order on notice.