## BROWN et al. v. KINNICUTT et al.

(District Court, S. D. New York. October 13, 1924.)

Costs ⬅29, 109(½)—Plaintiffs, joining in action under New York Code, cannot be required to give separate security for costs in federal court.

In an action in a federal court in which numerous plaintiffs, having separate, but similar, causes of action, join under Civil Practice Act N. Y. § 209, and where, if separate actions had been brought, they might be consolidated by the court under Rev. St. § 921 (Comp. St. § 1547), plaintiffs can recover but one bill of costs, and are not liable for separate bills of costs if defeated, and hence cannot be required to give separate security for costs.

At Law. Action by Louis Brown and others against C. Hermann Kinnicutt and others. Motion for order requiring separate security for costs from each plaintiff. Denied.

Motion to reargue a decision upon an order asking separate security for costs from each plaintiff. The action is pending on behalf of 34 plaintiffs, combined under section 209 of the New York Code of Practice. Each plaintiff has a separate cause of action for deceit in the sale of shares of stock purchased by him.

George H. Savage, of New York City, for the motion.

H. Preston Coursen, of New York City, opposed.

LEARNED HAND, District Judge. The answer to the question put on this reargument is not easy. It depends, as the Appellate Division observed in Akely v. Kinnicutt, 208 App. Div. 491, 495, 203 N. Y. S. 741, upon whether each plaintiff is liable to a separate bill of costs, if defeated. That case is authority that in the state court he is, but it is not relevant here at all, if the Revised Statutes touch the matter, and, even if they do not, it controls only so far as R. S. § 914 (Comp. St. § 1537), requires a loose conformity with the state practice.

This case was brought under section 209 of the New York Civil Practice Act, properly, as Judge Bondy decided; but there seems to be no doubt that, if each plaintiff had brought a separate action, they might have been consolidated under R. S. § 921 (Comp. St. § 1547). American Window Glass Co. v. Noe, 158 F. 777, 86 C. C. A. 133 (C. C. A. 7); Diggs v. Louisville & N. R. Co., 156 F. 564, 84 C. C. A. 330, 14 L. R. A. (N. S.) 1029 (C. C. A. 6); Denver City Tramway Co. v. Norton, 141 F. 599, 73 C. C. A. 1 (C. C. A. 8). It is true that, so far as I have found, there is no case deciding whether, in a consolidated action under Revised Statutes, § 921, more than one bill can be allowed. Still it seems to me very clear that this must be so.

In the first place, the first part of that section provides, not for consolidation, but for making two "causes of a like nature" march in step, so as to avoid "unnecessary costs." By that I understand costs in the usual sense, and not the actual expenses of litigation. There is no way, however, to avoid such costs, unless the court could so provide in its orders, as, for example, by directing that a deposition be taken once and used in both actions. Again, R. S. § 977 (Comp. St. § 1618), provides that, where a party does not sue all the defendants he can in one action, he shall have but a single bill of costs. Section 978 (Comp. St. § 1619) extends the same rule to libels in rem and libels of information, and section 980 (Comp. St. § 1621) to indictments.

While it is true that none of these sections directly controls an action consolidated under R. S. § 921, it seems to me clear that they presuppose that there shall be no duplication of costs, when the consolidation has taken place. Congress has pretty clearly shown that, whenever it was possible for a suitor to consolidate, it meant to deny him more than single costs. If so, there seems to me no question that these plaintiffs could not avoid the same result by beginning a single action under a provision of the state Practice Act. Section 914 has always been construed to enforce conformity only so far as was consonant with the general outlines of the Revised Statutes themselves, and when they show a clear policy the local practice ought not to be allowed to disturb it

in a given instance. But, if the plaintiffs could not recover separate bills of costs, neither should each be liable severally.

The motion is denied.