[Civ. No. 7069. First Appellate District, Division One.—February 25, 1931.]

JOHN F. EDGAR et al., Respondents, v. FRANK CITRARO, Appellant.

Cooley, Crowley & Gallagher for Appellant.

Vincent W. Hallinan for Respondents.

THE COURT.—Rose Edgar, one of the plaintiffs above named, and her minor daughter, Florence, were riding in an automobile driven by the defendant Citraro and were injured when it collided with one driven by the defendant Pratt at the intersection of Fifth and Julian Streets in San Jose. The other occupants of the Citraro car were Mrs. Edgar's minor son John, and her sister Mrs. Traylen, who were also injured. Several actions for damages grew out of the collision. Two were filed by the plaintiffs herein. In one of them they sought to be indemnified for the financial loss they suffered by reason of injuries to their daughter Florence, and in the other (the present one) they asked for damages on account of the personal injuries sustained by Mrs. Edgar. The former action was consolidated for trial with one brought by the boy John in his own behalf, and a jury awarded Edgar and his wife a verdict. Judgment being entered accordingly, the defendants took separate appeals, and the judgment has this day been affirmed as to both defendants (*John F. Edgar et ux.* v. *Citraro et al.* (No. 6905 and No. 7070), *ante,* p. 178, *post,* p. 762 [297 Pac. 652, 654]). Following the trial of that action the present one was tried before the court sitting without a jury, and the

court found against both defendants. Judgment was entered in conformity with such findings, from which the defendants have taken separate appeals.

Prior to the commencement of the trial of this action, defendants presented separate motions for leave to file amended and supplemental answers so as to plead as a bar to the present action the pendency of the other action and the judgment entered therein. The motions were denied, and the trial court's rulings in that regard furnish the grounds for the present appeals, it being contended that the right of Edgar and his wife to damages on account of the collision constituted but one inseverable cause of action; and that therefore, since they split the same into two demands and brought one action on each, the first action was a bar to the second. Only a few authorities have been cited by respondents in opposition to the foregoing contention and those which are cited are far from the point, and consequently have not been at all helpful in determining what appears to be a serious question of pleading. However, upon analyzing the arguments made by appellants and the authorities they have cited in support thereof, it will be found we think that their contention is based upon a confusion of the meaning of the term "cause of action", and consequently is unsound.

Says the Supreme Court in the case of *McKee* v. *Dodd*, 152 Cal. 637 [125 Am. St. Rep. 82, 14 L. R. A. (N. S.) 780, 93 Pac. 854, 855]: "A cause of action, as Professor Pomeroy points out with his usual lucidity (Remedies and Remedial Rights, sec. 452 et seq.), arises out of an antecedent primary right and corresponding duty and the delict or breach of such primary right and duty by the person on whom the duty rests. 'Of these elements, the primary right and duty and the delict or wrong combined constitute the cause of action in the legal sense of the term and as it is used in the codes of the several states.'" In the present case, as shown, the negligent acts of defendants resulted in the injury to several persons. The primary right of each person injured was therefore violated, which gave rise to a separate cause of action in favor of each injured person. One cause of action arose in favor of Edgar and his wife for the personal injuries Mrs. Edgar sustained; another in favor of Florence Edgar for the injuries she sus-

tained; and there was still a third and distinct cause of action which arose out of the injuries to Florence Edgar and in favor of Edgar and his wife, as the parents of Florence, to recover indemnity for the financial loss they sustained on account of the injuries to their daughter. It will be seen, therefore, that although this latter cause of action in favor of Edgar and his wife had its origin in the same transaction out of which their first cause of action arose, nevertheless it was founded manifestly upon the violation of a different primary right; and that being so, the two causes of action were distinct, and under the provisions of section 427 of the Code of Civil Procedure, plaintiff had the option of uniting the two in one complaint, providing the same were separately stated, or of bringing a separate suit on each cause of action (*Realty Const. etc. Co.* v. *Superior Court,* 165 Cal. 543 [132 Pac. 1048]), subject to the right of the court to consolidate the same for trial.

■ For the reasons stated, it is our opinion that the trial court did not err in denying leave to amend the answers.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 27, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 23, 1931.