ADELE ANTONIETTI, an Infant under the Age of Fourteen Years, by Her Guardian ad Litem, HARRY ANTONIETTI, and HARRY ANTONIETTI, Individually, Plaintiffs, v. JOHN PEARSON, Defendant.

City Court of New York, Bronx County, December 18, 1934.

*Hyman Finkelson*, for the plaintiffs.

*Robert E. Bergman* [*Robert T. Curran* of counsel], for the defendant.

EVANS, J. Two plaintiffs joined by virtue of section 209, Civil Practice Act, sued defendant. The case was tried and resulted in a verdict for plaintiff as to Adele Antonietti and in a verdict for defendant as to Harry Antonietti. The defendant has taxed a bill of costs against Harry Antonietti and the question is presented as to whether he is entitled to it.

In *Dilworth* v. *Yellow Taxi Corporation* (127 Misc. 543) it was held that a joinder of plaintiffs, under section 209 of the Civil Practice Act, did not lose to either plaintiff or defendants the rights or privileges which each would have had if separate actions had been brought, and, therefore, each plaintiff would be entitled to costs, if successful, and would be liable for costs, in the event of non-success. The case was reversed on another point (220 App. Div. 772); but its authority was completely reinstated by a subsequent decision of the same Appellate Division (*Merten* v. *Queen Rental Corporation*, 241 App. Div. 831).

In *Akely* v. *Kinnicutt* (208 App. Div. 491) several non-resident plaintiffs, joined under section 209 of the Civil Practice Act, were each required to give a separate bond for costs, under subdivision

1 of section 1522 of the Civil Practice Act. The theory upon which each non-resident plaintiff was required to give a bond for costs was that each plaintiff was entitled to or liable for costs, separately, depending upon the result of the trial.

The Appellate Divisions of both First and Second Departments seem to be in agreement upon the question of costs, where there is a joinder, under section 209 of the Civil Practice Act.

A different view, upon this question, was expressed by the Special Term of the Supreme Court in Erie county (*Miranda* v. *Witte*, 127 Misc. 669) and by a Federal court (*Brown* v. *Kinnicutt*, 2 F. [2d] 263). These courts have said that there could be only one bill of costs granted, in the action, no matter how many plaintiffs or defendants there were; that if one plaintiff of the many were successful the defendant or any defendant could not tax a bill of costs against any unsuccessful plaintiff. Although the full effect of the decision of *Miranda* v. *Witte* (*supra*) might not be applicable to a judgment obtained in this court, the principle there enunciated should be followed, in view of *Salimoff* v. *Standard Oil Co.* (259 N. Y. 219).

The *Salimoff* case seems to me to directly overrule *Akely* v. *Kinnicutt* and *Dilworth* v. *Yellow Taxi Corporation* (*supra*) on the question of costs. It is there plainly held that all plaintiffs joined by virtue of section 209 of the Civil Practice Act can recover but one bill of costs and are liable for but one bill of costs. If one plaintiff is not liable for costs, none are. If one plaintiff recovers a bill of costs, he recovers it for all plaintiffs, and all unsuccessful defendants are jointly liable for but one bill of costs. So far as costs are concerned, all plaintiffs and all defendants joined under section 209 of the Civil Practice Act are one entity.

The motion for a retaxation of costs is, therefore, granted, and the clerk is directed to retax the costs in accordance with the views expressed here.