[Civ. No. 16178.   Second Dist., Div. Two.   Mar. 2, 1948.]

WILLIAM A. ROOT, Respondent, v. PACIFIC GREY-
HOUND LINES, INC., Appellant.

Bauder, Veach & W. I. Gilbert and Robert E. Ford for Appellant.

Carter, Young & Zetterberg for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before a jury in an action to recover damages for personal injuries resulting from a collision between a bus owned and operated by defendant and a truck in which plaintiff was riding, defendant appeals.

The evidence being viewed in the light most favorable to plaintiff (respondent), the essential facts are these:

On February 15, 1945, at about 9 a. m., plaintiff was driving in a northerly direction on Rebecca Street toward Fifth Street, an east-west thoroughfare, in the city of Pomona. As he stopped at the intersection he observed defendant's bus, eastbound, 50 to 100 feet west of Cypress, the street next west of and parallel to Rebecca Street. He then looked east, observed that the thoroughfare was clear, and drove straight north. When the bus was approximately 102 feet west of the center line of Rebecca Street the driver observed plaintiff, blew his horn and applied his brakes, but not with full force. He then turned the bus to the north so that the vehicle straddled the center line, and continued in a northward direction until the bus struck the truck in which plaintiff was riding, north of the center line of Fifth Street. Just before the collision the driver of the bus applied his brakes with full force, skidding some 35 feet prior to the impact of the two cars.

The bus was proceeding at about 25 miles per hour, and under the conditions that then obtained could have been stopped within 60 feet after the brakes had been fully applied. Likewise, had the bus been driven straight ahead instead of crossing north of the center line of Fifth Street it would have missed the pickup truck operated by plaintiff.

Defendant urges that the trial court committed prejudicial error in giving the following instructions:

I

"There has grown up in our law a certain reasoning process that we sometimes call to our aid in analyzing the facts of an accident case, and which is known as the doc-

trine of last clear chance. It is permissible to use the doctrine only after we first find, and you may not use it unless and until you first shall have found, that in the events leading up to the accident in question, both the plaintiff and the defendant were negligent.

"The doctrine of last clear chance may be invoked if, and only if, you find from the evidence that these six facts existed:

"First: That plaintiff, by his own negligence, got himself into a position of danger.

"Second: That thereupon, either it was physically impossible for him through the exercise of ordinary care to escape from the danger, or he was totally unaware of impending danger in his position.

"Third: That the defendant had actual knowledge of plaintiff's perilous situation.

"Fourth: That it appeared to the defendant, or would have appeared to him in the exercise of ordinary care, that plaintiff either was unaware of the danger impending in the situation or was unable to escape therefrom through the exercise of ordinary care.

"Fifth: That after the defendant acquired actual knowledge of plaintiff's perilous situation, he had a clear opportunity to avoid the accident and could have done so by exercising ordinary care.

"Sixth: That the defendant did not avail himself of that opportunity, but by negligent conduct proximately caused the accident.

"If all the conditions just mentioned are found by you to have existed with respect to the accident in question, then you must find against the defense of contributory negligence, because under such conditions the law holds the defendant liable for any injury suffered by the plaintiff and proximately resulting from the accident, despite the negligence of the plaintiff."

The foregoing instruction correctly states the law. *(Palmer* v. *Tschudy,* 191 Cal. 696 [218 P. 36].)

Defendant's contention that the instruction was not applicable because the driver of the bus did not have a *last clear chance* to avoid injuring plaintiff by the exercise of ordinary care is without merit. From the evidence the jury impliedly found that when the driver saw plaintiff's truck he realized that plaintiff was in a dangerous situation from which he

could not extricate himself. The evidence further discloses that at this time defendant's bus was at least 102 feet from the point of collision, and that the collision could have been avoided by the driver's applying his brakes in full or by driving straight ahead. Instead of following either course he turned to the north and only partially applied his brakes until it was too late to avoid the accident. The instruction was therefore applicable, and it became a question of fact for the determination of the jury whether or not defendant's driver, after realizing plaintiff's peril, acted as a reasonably prudent man similarly situated would have acted. The jury's determination that he did not so act but that his acts were negligent therefore finds substantial support in the evidence and will not be disturbed by us.

In *Folger* v. *Richfield Oil Corp.*, 80 Cal.App.2d 655 [182 P.2d 337], *Erwin* v. *Morris*, 10 Cal.App.2d 168 [51 P.2d 149], *Poncino* v. *Reid-Murdock & Co.*. 136 Cal.App. 223 [28 P.2d 932], and *Bagwill* v. *Pacific Electric Ry. Co.*, 90 Cal.App. 114 [265 P. 517], relied on by defendant, the courts found that there was no evidence which would have sustained a finding that defendant had the *last clear chance* to avoid the accident. As we have pointed out, the evidence is to the contrary in the instant case and therefore the cited cases are inapplicable.

## II

" 'The State Department of Public Works shall by regulation determine a distinctive roadway marking which shall indicate no driving over such marking, and is authorized either by such marking or by signs and markings to designate any portion of a State highway where the volume of traffic . . . renders it hazardous to drive on the left side of such marking or signs and marking. When such markings or signs and markings are in place the driver of a vehicle shall not drive along the highway to the left thereof, but this shall not prevent turning to the left across any such markings at any intersection or private driveway.'

"The following sections, quoted from the California Administrative Code, Title 21, were regulations of the California State Department of Public Works in force at the time of the collision:

"Article 2. 'Distinctive Markings for State Highways indicating no driving to the left thereof.

" 'Section 1411. Said distinctive roadway marking is determined as the double line now in use on said highways. Said marking shall consist of two white stripes, or one white stripe and one yellow stripe, painted on the roadway, each stripe three inches wide, and the two stripes separated by a three-inch black stripe, except that where one yellow stripe is used, driving over the double line by the traffic proceeding on the same side of the highway as said yellow stripe shall not be prohibited by reason of said distinctive marking . . .'

" 'Section 1414. Signs shall not be required in connection with said distinctive markings.'

"Conduct which is in violation of the Vehicle Code subsection 525(b) and Section 552 just read to you, and those portions of Article 2, Title 21, Administrative Code, just read to you, constitutes negligence *per se*. This means that if the evidence supports a finding, and you do find, that a person did so conduct himself, it requires a presumption that he was negligent. However, such presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence. In this connection, you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes, not of his own intended making, induce him, without moral fault, to do likewise."

Defendant urges error in the giving of the foregoing instruction because it omits the element of proximate cause. Such criticism is unfounded for the reason that the trial court, after instructing the jury as above and relative to the provisions of section 552 of the Vehicle Code, further instructed the jury in these words:

"However, in this action, a violation of law is of no consequence unless it was a proximate cause of or contributed, in some degree as a proximate cause, to an injury found by you to have been suffered by the plaintiff."

It is a settled rule that instructions must be read together. Therefore, applying this rule, it is evident that the criticized instruction, when read in conjunction with the one last quoted, fully and fairly advised the jury relative to the element of proximate cause.

*Broun* v. *Blair*, 26 Cal.App.2d 613 [80 P.2d 95], and *La Rue* v. *Powell*, 5 Cal.App.2d 439 [42 P.2d 1063], relied upon

by defendant, are not applicable to the present case for the reason that in the cited cases the instructions were formula instructions purporting to contain all the elements necessary for a verdict in favor of the plaintiff. In such an instruction it is of course the rule that each and every element necessary in order to establish liability upon the part of the defendant must be stated. In the present case, however, the instructions were not formula instructions but were separate instructions on individual elements and were to be read together, and as thus read they were not erroneous.

### III

■ "At the outset of this trial, each party was entitled to the presumptions of law that every person takes ordinary care of his own concerns and that he obeys the law. These presumptions are a form of prima facie evidence and will support findings in accordance therewith, in the absence of evidence to the contrary. When there is other evidence that conflicts with such a presumption it is the jury's duty to weigh that evidence against the presumption and any evidence that may support the presumption, to determine which, if either, preponderates. Such deliberations, of course, shall be related to, and in accordance with, my instructions on the burden of proof."

The giving of the foregoing instruction was not prejudicially erroneous to the rights of defendant. In *Speck* v. *Sarver*, 20 Cal.2d 585, 588, et seq. [128 P.2d 16], a similar instruction was given predicated upon a situation analogous to that which obtains in the instant case, and the court held that the giving of such an instruction under the circumstances did not constitute prejudicial error. We likewise hold that the giving of the instruction in this case was not prejudicial.

The judgment is affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied March 19, 1948, and appellant's petition for a hearing by the Supreme Court was denied April 29, 1948.