ALBERT HANIFORD, an Infant, by His Guardian ad Litem, MORRIS HANIFORD, Respondent, v. LEO SAFER, Defendant, Impleaded with MARGARET McCOMBS, Appellant.

MORRIS HANIFORD, Respondent, v. LEO SAFER, Defendant, Impleaded with MARGARET McCOMBS, Appellant.

Fourth Department, November 18, 1925.

**Costs — actions in Supreme Court for negligence — recovery against one defendant and in favor of other — recovery less than $250 — actions could have been brought in City Court of Buffalo — under Civil Practice Act, § 1474, subd. 7, plaintiffs not entitled to costs against unsuccessful defendant — Civil Practice Act, § 1476, not applicable — successful defendant is entitled to costs under Civil Practice Act, § 1475.**

In negligence actions brought in the Supreme Court of Erie county, in which the plaintiffs are successful as to one defendant and unsuccessful as to the other, the plaintiffs are not entitled to costs against the unsuccessful defendant, since the recovery was less than $250, and, therefore, the action could have been brought in the City Court of Buffalo and, under such conditions and subdivision 7 of section 1474 of the Civil Practice Act, costs are not allowable to the plaintiffs. Section 1476 of the Civil Practice Act is not applicable.

The successful defendant was entitled to costs against the plaintiffs under section 1475 of the Civil Practice Act.

APPEAL in each of the above-entitled actions by the defendant, Margaret McCombs, from an order of the Supreme Court in each action, made at the Erie Special Term and entered in the office of the clerk of the county of Erie on the 11th day of September, 1925, vacating and setting aside the judgment in each action in favor of said defendant, entered in the office of the clerk of the county of Erie on the 21st day of April, 1925.

*Henry W. Willis*, for the appellant.

*Ralph W. Nolan*, for the respondents.

PER CURIAM:

These actions were brought in the Supreme Court, Erie county, for damages growing out of an automobile accident. One action was by an infant for personal injuries and the other was brought by his father for loss of services and medical expenses.

The infant was a passenger in the automobile of the defendant Safer, which collided with the car of defendant McCombs and the boy was injured. The cases were tried together and resulted in verdicts against the defendant Safer, the one in favor of the infant being for $100 and the one in favor of the father for $75. But in both actions verdicts were rendered in favor of the defendant McCombs.

She thereupon entered judgments dismissing the complaints as to her, with sixty-one dollars and ninety-seven cents costs in each case. On motion of plaintiffs the Special Term vacated these judgments for costs and the defendant McCombs appeals.

Plaintiffs were not entitled to costs as against the defendant Safer, for the actions could have been brought in the City Court of Buffalo and recoveries against Safer in each case being less than $250, costs could not be taxed against the said defendant. (Civ. Prac. Act, § 1474, subd. 7.) The provisions of section 1476 of the Civil Practice Act are inapplicable.

Plaintiffs were not entitled to costs against the defendant McCombs for there was no recovery against her in either case, the verdicts being in her favor. Therefore, the first clause of section 1475 of the Civil Practice Act applies and is controlling and defendant McCombs is entitled to costs and the judgments she entered therefor were proper.

The orders should be reversed, with ten dollars costs and disbursements in each case, and motions denied, with ten dollars costs, and the judgments for costs reinstated.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

In each case order reversed, with ten dollars costs and disbursements, judgment reinstated and motion denied, with ten dollars costs.