SAMUEL MIRANDA and Another, Plaintiffs, *v.* CARL A. WITTE, Defendant.

Supreme Court, Erie County, July, 1926.

Costs — taxation — plaintiffs joined themselves as coplaintiffs, under Civil Practice Act, § 209, in action in Erie County Court for negligence — Appellate Division reversed judgment in favor of defendant and granted new trial, with costs to abide event — plaintiffs each recovered verdict for $200 on second trial — plaintiffs entitled to one bill of trial and appeal costs — Civil Practice Act, § 1474, does not bar award of costs to plaintiffs herein.

Plaintiffs, who joined themselves as coplaintiffs in the Erie County Court under the provisions of section 209 of the Civil Practice Act in an action for negligence are entitled after a trial to one set of trial costs upon return of a verdict of $200

in favor of each, since the provisions of section 209 of the Civil Practice Act make all coplaintiffs an entity and entitle them to one bill of trial costs irrespective of the individual awards in the verdict, providing the total of such individual awards is $250 or more. Moreover, plaintiffs are entitled to costs on appeal where the Appellate Division reversed judgments in favor of the defendant and granted plaintiffs a new trial, with costs to abide the event, and the jury on a second trial returned a verdict of $200 for each plaintiff.

Section 1474 of the Civil Practice Act, which denies costs to a plaintiff in an action triable in the Erie County Court which could have been brought, except for the amount claimed therein, in the City Court of Buffalo, and in which the defendant is served with process within the city of Buffalo, unless the plaintiff shall recover $250 or more, is not a bar to the plaintiffs' right to trial costs under the circumstances.

MOTION on behalf of the defendant for an order disallowing certain items of costs on an appeal to the Appellate Division herein, heretofore made by the taxation officer, and a contra motion made on behalf of the plaintiffs for an order allowing certain items of trial costs heretofore disallowed by said taxation officer.

*Ward, Flynn, Spring & Tillou* [*Julius A. Schreiber* of counsel], for the plaintiffs.

*Harold J. Adams* [*Edmund S. Brown* of counsel], for the defendant.

HARRIS, J. The plaintiffs herein, under the provisions of section 209 of the Civil Practice Act, joined themselves as coplaintiffs in the above-entitled action (which is one sounded in negligence) against the defendant. A trial was had in the County Court of Erie county, which resulted in the jury rendering a verdict of no cause of action in favor of the defendant and against both plaintiffs, and the defendant thereupon entered a cost judgment against the plaintiffs in the sum of $66.93. Thereafter the plaintiffs took an appeal to the Appellate Division, Supreme Court, Fourth Department, and on such appeal the Appellate Division rendered a decision reversing the judgment of the trial court on the facts, and granted a a new trial to the plaintiffs, costs to the appellants to abide the event. (214 App. Div. 851.) On such new trial the verdict of the jury awarded the plaintiff Samuel Miranda the sum of $200 damages, and the plaintiff Mary Miranda $200 damages, and on such verdict the plaintiffs entered judgment against the defendant, as follows: " That the plaintiff Samuel Miranda recover of the defendant the sum of Two Hundred Dollars ($200.00), so found by said Jury * * * and that the plaintiff Mary Miranda recover of the defendant the sum of Two Hundred Dollars ($200.00), so found by said jury * * * and that the plaintiffs recover in addition thereto the sum of Three Hundred Forty-three Dollars and Eighteen cents ($343.18), costs and disbursements * * *." Costs were originally taxed on the entry of such judgment in favor of the

plaintiffs in the sum of $343.18, which included one set of trial costs and one set of appellate costs. Thereafter the defendant served notice of motion for retaxation of costs, and on such retaxation the county clerk of Erie county disallowed the trial costs and allowed the appellate costs.

The defendant claims that, by virtue of certain provisions of subdivision 5 of section 1474 of the Civil Practice Act (added by Laws of 1921, chap. 199), which are as follows: " The plaintiff shall recover no costs or disbursements * * * in an action brought, triable in the supreme court or county court of Erie county, which could have been brought, except for the amount claimed therein, in the city court of Buffalo, and in which the defendant shall have been served with process within the city of Buffalo, unless he shall recover two hundred and fifty dollars or more," no costs should be taxed in this action against the defendant, because neither plaintiff was awarded $250 or more.

The court is of the opinion that the provisions of section 209 of the Civil Practice Act, in effect, so far as carrying on the action and the trial thereof are concerned, make all coplaintiffs an entity, and that such coplaintiffs are entitled to one bill of trial costs and no more, irrespective of the individual awards in the verdict, providing the total of such individual awards is $250 or more. Therefore, in the action at bar the plaintiffs are entitled to one bill of trial costs.

With reference to the costs on appeal, they were to abide the event, and in the opinion of the court this means the successful termination of the litigation. In view of the fact that the trial resulted in the success of the contentions of the plaintiffs, the plaintiffs are entitled to the appellate costs as originally taxed.

An order may accordingly be drawn and submitted allowing all the items of costs, both on trial and appeal, as set forth in the plaintiffs' bill of costs, and directing the proper officer to tax such costs in the amount of $343.18, as originally taxed.