Rose Scioldoni and Others, by Anthony Scioldoni, Their Guardian ad Litem, Respondents, *v.* Republic Light, Heat and Power Company, Appellant.

Fourth Department, November 9, 1928.

*Harold J. Adams* [*Edmund S. Brown* of counsel], for the appellant.

*Hubert E. Collins* [*Clayton M. Smith* of counsel], for the respondents.

Hubbs, P. J. The Civil Practice Act, section 1474, subdivision 5, reads as follows: " The plaintiff shall recover no costs or disbursements: \* \* \* 5. In an action brought, triable in the Supreme Court or County Court of Erie county, which could have been brought, except for the amount claimed therein, in the City Court of Buffalo and in which the defendant shall have been served with process within the city of Buffalo, unless he shall recover two hundred and fifty dollars or more."

At the time that act was passed the City Court of Buffalo had jurisdiction only within the city of Buffalo; that is, a process of that court could not be served outside of the city limits. Thereafter chapter 333 of the Laws of 1926 (adding to Buffalo City Court Act [Laws of 1909, chap. 570], § 21-a) was enacted extending the jurisdiction of that court throughout the county of Erie, and by sub-

division 3 it defines the term "resident of the county or of the city." Within the meaning of that section the defendant was a resident of the city of Buffalo. This action could, therefore, have been brought in the City Court of Buffalo. The reason for the enactment of subdivision 5 of section 1474 of the Civil Practice Act is apparent. It was to relieve the County and Supreme Courts of small cases and to compel the trial of such cases in the City Court. Chapter 333 of the Laws of 1926, which became effective April 13, 1926, was enacted for the same purpose.

The words "in which the defendant shall have been served with process within the city of Buffalo" in said section 1474, subdivision 5, were inserted for the purpose of preventing the recovery of costs by the plaintiff in all cases where the recovery should be less than $250 and the City Court would have had jurisdiction if the action had been brought therein. Prior to April 13, 1926, in cases where the service of process was made outside of the city and, therefore, in an action over which the City Court would not have jurisdiction, the general rule as to costs would apply. In cases decided before the enactment of chapter 333 of the Laws of 1926, it was held that in an action in the Supreme Court or County Court where the plaintiff recovered less than $250 and service was made on the defendant within the city, costs could not be recovered. (*Haniford* v. *Safer*, 214 App. Div. 435; *Mirandi* v. *Witte*, 219 id. 861.)

We think that the purpose of the enactment of said subdivision 5 of section 1474 was to deprive the plaintiff of costs and disbursements in an action brought in the Supreme or County Court where less than $250 is recovered, if the City Court would have had jurisdiction of the action if it had been brought in it. Said chapter 333 of the Laws of 1926 has extended the territorial jurisdiction of the City Court to the whole county of Erie. It, therefore, had jurisdiction of this action as service was made within said county upon a resident thereof.

The recovery of each plaintiff was for less than $250. The plaintiffs are not, therefore, entitled to recover costs and disbursements. The fact that the words "in which the defendant shall have been served with process within the city of Buffalo" were not stricken out of subdivision 5 of section 1474 of the Civil Practice Act does not prevent the carrying out of the purposes of the act by extending its provisions to cases of which the City Court now has jurisdiction. Those words add nothing to the meaning of the section. The words therein "which could have been brought   *   *   * in the City Court of Buffalo" clearly define the cases where plaintiff is not entitled to costs unless $250 is recovered. Prior to the enactment of chapter 333 of the Laws of 1926 an action could not

have been brought in the City Court unless the defendant could have been served within the city of Buffalo. Since the enactment of said statute, the provisions of said section 1474 are applicable to all cases brought in the Supreme Court or County Court where the process is served within the territorial jurisdiction of the City Court, *i. e.*, in the county of Erie.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

All concur. Present — HUBBS, P. J., CLARK, CROUCH, TAYLOR and SAWYER, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.