JOHN C. HULL and Others, Plaintiffs, *v.* EDWARD P. SHANNON and Others, Defendants.

Supreme Court, Niagara County, March 14, 1931.

*Franchot, Runals, Robillard & Cohen,* for the plaintiffs.

*Fred Van Aernam [Clayton M. Smith* of counsel], for the defendants.

LYTLE, J. The action arises out of an automobile collision which occurred on the Bronx River parkway, Westchester county, near the city of White Plains, on or about the 23d day of June, 1927. John C. Hull was the owner of one of the automobiles and Edward P. Shannon was the owner of the other. The Hull automobile was being operated by George H. Hull, an infant, and there were present in it, in addition to the owner, Laura Hull, his wife, and Lina Hull, his infant daughter. The Shannon automobile was being driven by Sarah Anne Shannon, the wife of the owner, and there were present therein their son, Edward P. Shannon, Jr., an infant, and a guest, Gregory Carlton.

Separate actions were commenced in the Supreme Court, Niagara county, by John C. Hull against Edward P. Shannon and Sarah Anne Shannon, his wife, and by Laura Hull against the same defendants. These actions were commenced on or about July 29, 1927. The defendants appeared in said actions and interposed answers. In October, 1927, four actions were commenced in the Supreme Court, Kings county, against John C. Hull, and the respective plaintiffs were Mr. and Mrs. Shannon, their son and Mr. Carlton. The defendant John C. Hull appeared in said four actions and interposed answers. All six actions mentioned were brought to recover for personal injuries and property damage alleged to have been sustained by reason of negligence in the collision previously mentioned.

In November, 1927, the above-named defendants made a motion in Supreme Court, Kings county, for an order directing that the six actions be consolidated into one and that the place of trial of the actions already pending in Niagara county be changed to Kings county, and finally, that the plaintiffs in the actions then pending in Supreme Court, Kings county, be named as plaintiffs in the consolidated action, and that the plaintiffs in the two actions in Niagara county be named defendants in said action. Said motion was denied in all respects.

In the month of November, 1927, an action was commenced in Supreme Court, Niagara county, on behalf of Lina Hull, an infant, against Mr. and Mrs. Shannon, and upon the same date there was likewise commenced an action on behalf of George H. Hull, an infant, against the same defendants. Subsequently, in December, 1927, a stipulation was entered into by the attorneys for the respective parties that all of the eight actions be consolidated into one and that the place of trial of the Kings county actions be changed to Niagara county and that the plaintiffs in the Niagara county actions be named as plaintiffs in the consolidated action and that the plaintiffs in the Kings county actions be named defendants in the consolidated action. Upon this stipulation an order was granted at Special Term providing for the consolidation of the actions as above mentioned. No provision was made in said order or in said stipulation for reservation of costs accrued in the actions up to the time of consolidation and no specific direction was made as to costs to be taxed or to accrue in the consolidated action subsequent to the order of consolidation.

The consolidated action was placed upon the Supreme Court trial calendar for Niagara county and the original actions following the order of consolidation never appeared upon the trial calendar either in Niagara county or in Kings county. The consolidated action came on for trial on September 10, 1930, and one jury was impanelled and one verdict was rendered. The jury's verdict was one of no cause of action upon the claims by the plaintiffs and an award of damages was made in favor of the defendants against the plaintiff John C. Hull in the following amounts to the following defendants: Edward P. Shannon, $775; Sarah Anne Shannon, $365; Gregory Carlton, $50; Edward P. Shannon, Jr., $10.

On January 26, 1931, the attorney for the defendants served on the attorneys for the plaintiffs what purported to be copies of eight judgments with notice of entry. Each one of these alleged judgments is captioned under the title of one of the original eight actions. With these purported eight copies of judgments there were served seven purported copies of bills of cost, being captioned with the title of each of the original separate actions, excepting that of Edward P. Shannon, Jr., an infant, who recovered only the sum of ten dollars in the consolidated action.

The order of consolidation which was granted on February 16, 1928, resulted in a destruction of the eight original actions and in the creation of a consolidated action.

Consolidation has been defined as the act or process of uniting several actions into one trial and judgment by order of the court. (Black Law Dict.) The object of consolidating two or more

actions is to avoid a multiplicity of suits, to guard against oppression or abuse, to prevent delay and especially to save unnecessary costs and expense; in short, the attainment of justice with the least expense and vexation to the parties litigant. (1 C. J. 1121.)

The effect of a consolidation of actions at law is to unite and merge all the different actions into a single action, in the same manner as if the different causes of action involved had originally been joined in a single action.

In *Gillin* v. *Canary* (19 Misc. 594, 596) the court said: " The legal effect of consolidation is to turn two or more actions into one, and the chief ground for the union is that the plaintiff should have brought one action. * * *

" Consolidation is a mere prelude to the trial, resulting as it does in uniting two or more actions, which thenceforth are one, and, as one action only must be tried, that it may terminate in a judgment."

The separate actions by virtue of the order of consolidation were discontinued and superseded by a single action, which action is entitled in the manner as provided by the order of consolidation. All proceedings subsequent to the order of consolidation were conducted, and the rights of the parties are adjudicated as in a single action. The trial court, to avoid confusion, gave a special charge with regard to the particular issues involved in the different cases consolidated, but there must be but a single verdict and judgment settling all of the issues involved in the action.

The defendants having been successful upon their claims are, therefore, entitled to enter one judgment reciting the complete determination of the rights of the parties in an action. (*McElroy* v. *Floral Park Villa Company*, 176 App. Div. 106, 108; *Kriser* v. *Rodgers*, 195 id. 394; *Sayre* v. *Progressive Construction & Leasing Co.*, 159 id. 799, 800; *German American Button Co.* v. *Heymsfeld*, 170 id. 416, 423.)

The defendants are also entitled to only one bill of costs, namely, the bill of costs in the consolidated action from the time of the order of consolidation, in so far as the stipulation and order of consolidation contains no reservation of costs in the original actions.

Costs are in no sense the subject of the litigation, and while they are incident to all actions, they are nevertheless in their nature a mere incident to the judgment to which they attach. The right to costs is dependent on statutory provisions as there is no right thereto at common law. It is well settled in this State that the statute permits only the costs of the consolidated action unless the right to tax the costs of the individual actions is reserved in the order of consolidation. (*Blake* v. *Michigan S. & N. Ind. R. Co.*, 17

How. Pr. 228; *Hiscox* v. *New York Staats Zeitung*, 3 Misc. 110; *Kelley* v. *Kelley*, 123 id. 583; *Hilimire* v. *Fitzgerald Bros. Const. Co., Inc.*, 139 id. 110; *Pankau* v. *Cosor*, Id. 177.)

For history of costs, see 27 Columbia Law Review, 974.

The order and stipulation expressly provided " that all of the said actions be consolidated into one." The defendants, however, in opposing the plaintiffs' motion to vacate the several judgments and bills of costs contend that in legal effect there cannot be a consolidated action, merging into one action the eight different and distinct separate causes of action; that the particular action should be treated in the same class as if the plaintiffs had joined in one cause of action their separate and distinct causes as permitted under section 209 of the Civil Practice Act. (*Brown* v. *Kinnicutt*, 2 F. [2d] 263; *Dillworth* v. *Yellow Taxi Corporation*, 127 Misc. 543; revd., 220 App. Div. 772; *Miranda* v. *Witte*, 127 Misc. 669; *Akely* v. *Kinnicutt*, 208 App. Div. 491.)

None of the authorities cited in opposition to the plaintiffs' motion seem to be in point. In reference to joinder of plaintiffs and joinder of causes of action under section 209 of the Civil Practice Act, the court, in *Akely* v. *Kinnicutt* (238 N. Y. 466, at p. 472), said: " The statute before us is substantially a copy of a provision in the English Practice Act and of course its purpose is to lessen the delay and expense of litigation by permitting the claims of different plaintiffs to be decided in one action instead of many when, although legally separate and distinct, they nevertheless so involve common questions and spring out of identical or related transactions that their common trial may be had with fairness to the different parties. The statute is a remedial one in promotion of the purpose in these times so insistent and widespread that the delays and expenses of litigation shall be lessened where possible and as such it is to be liberally construed."

Bearing in mind the purpose of consolidation as well as the joinder of causes of action as permitted under section 209 of the Civil Practice Act, it seems to me that the several plaintiffs if successful are entitled only to one bill of costs on the theory that the coplaintiffs are an entity. The consolidation into one action of the several causes of actions by virtue of the stipulation and order was apparently done because the parties came to the conclusion that there was no legal necessity for separate actions and separate trials, and because there was no desire on the part of any one to unnecessarily accumulate costs.

In view of my conclusion, the plaintiff is entitled to the order vacating and setting aside the several judgments and bills of costs. Let an order be prepared accordingly.