BARBARA SULLIVAN and Another, Plaintiffs, v. EUGENE WAGER and Another, Defendants.

City Court of New York, Bronx County, April 21, 1931.

*Hallinan & Groh* [*Samuel S. Tripp* of counsel], for the plaintiffs.

*Smith & Bowman* [*Julius Lerner* of counsel], for the defendant Eugene Wager.

· *Samuel S. Tripp* of counsel, for the motions.

KOCH, J. Two actions were brought in the City Court, each for $3,000, one by the infant, Barbara Sullivan, and one by her father, John Sullivan, against Eugene Wager and Max Fialkoff. The infant's action was for the personal injuries she received as a result of a collision between the automobiles owned respectively by each of the defendants. The father's action was for loss of services. On the trial, both cases for convenience being tried as one, the jury rendered a verdict for $1,000 for the infant, Barbara Sullivan, and $200 for the father, John Sullivan, against the one defendant, Max Fialkoff. The defendant Wager now asks for costs in each case.

In the case of the infant, it seems to me, there can be very little argument against the proposition that the award of costs lies in the sound discretion of the court. The facts as disclosed by the testimony indicate that the infant plaintiff was walking on the sidewalk; that a collision occurred between the automobiles of the defendants, and that she was struck by one of the automobiles, rendered unconscious and sustained various injuries. From the facts disclosed on the trial it was plainly the part of common sense for the attorney for the plaintiff to sue both defendants. This being so, no good reason is presented to warrant the court awarding costs to the defendant Wager.

It seems to me that the same reasoning applies in the case of the father. His action, of course, necessarily depended upon the facts in the daughter's case. A further circumstance is present, however, in that the award of the jury to the father was for $200, which is less than the amount necessary to entitle the plaintiff to costs in this court.

The first part of section 1475 of the Civil Practice Act is to the

effect that the defendant is entitled to costs, of course, upon the rendering of final judgment in an action specified in sections 1470 to 1473. This, however, is limited by the other clause in the section, to the effect that where in any action a plaintiff is not entitled to costs by reason of having brought the action in a court of jurisdiction higher than that in which it might have been brought, the defendant is not entitled to costs.

It seems to me that it was entirely sensible and reasonable for the plaintiff John Sullivan to bring his action in the City Court, in view of the fact that his infant daughter's action was brought in that court. Doing so resulted in trying both cases as one and saving a trial in another court. The case of *Haniford* v. *Safer* (214 App. Div. 435), a Fourth Department case, has been called to my attention as authority for the proposition that costs in the case of John Sullivan should be awarded to the defendant Wager as a matter of course. I am unable to follow the reasoning in that case. It seems to me that the language of section 1476 of the Civil Practice Act governs, and the language is not particularly hard to understand.

I, therefore, hold that an award of costs in each of the cases above mentioned is discretionary, and in the exercise of that discretion the motion by the defendant Wager for costs in each of the said cases is denied.