JOSEPH CONNOLLY and Others, Plaintiffs, *v.* FELIX CONNOLLY and Another, Defendants.

County Court, Sullivan County, April 16, 1934.

*Gross & Orseck*, for the plaintiffs.

*John D. Lyons* and *Nellie Childs Smith*, for the defendant Connolly.

COOKE, J.   After an automobile accident these plaintiffs brought one action claiming separate damages against these defendants.   In the complaint there were three separate causes of action set forth. Plaintiffs were riding in defendant Connolly's automobile when the collision took place between the automobiles of the defendants. The jury rendered a verdict in favor of each plaintiff against defendant Connolly for over fifty dollars.   In entering the judgment a separate bill of costs was taxed in favor of each plaintiff.   The items in the bill of Josephine Connolly are: Costs before notice, twenty-five dollars; costs after notice, fifteen dollars; trial fee more than two days, ten dollars; term fee, November, 1933, ten dollars; trial fee, thirty dollars.

The other two bills of costs are the same excepting the trial fee of thirty dollars is omitted.   The disbursements claimed amount to twelve dollars in the Josephine Connolly bill and ten dollars and fifty cents in each of the other two.   A motion is made by this defendant to strike out and disallow the two bills of costs for seventy dollars and fifty cents taxed herein in favor of Kathryn and Helen. There was but one action and one trial.   Section 218 of the Civil Practice Act says that a civil action is commenced by the service of a summons.   There was but one summons here.   The costs were evidently computed under section 1504 of the Civil Practice Act. Under subdivision 3-m we find ten dollars allowed for each term, not exceeding five, at which the cause is necessarily on the calendar, excluding the term at which it is tried.   There is and always has been only one cause here.   Under subdivision 3-j thirty dollars is allowed for the trial of an issue of fact, and, where the trial necessarily occupies more than two days, ten dollars in addition thereto. Plaintiffs adopt the first part of this subdivision and thereby admit that only one allowance of thirty dollars can be made in this action, but claim the right to tax in addition thereto for each of the other · two plaintiffs, ten dollars for the same trial.   The other two items of costs are for all proceedings before notice of trial, and for all proceedings after notice of trial.   Section 209 of the Civil Practice Act is as follows:

" § 209. Joinder of plaintiffs generally.   All persons may be joined in one action as plaintiffs, in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative where if such persons brought separate actions any common question of law or fact would arise; provided that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient, and

judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled."

Judge FOSTER held in *Pankau* v. *Coson* (139 Misc. 177, 178) as follows: " Motion to vacate several judgments entered herein and to direct that one judgment be entered with one bill of costs. It appears these several causes of action were consolidated by an order of this court, and that no reservation as to costs was made in said order. The plaintiff has entered several judgments, and has taxed costs in each judgment, with the exception that only one trial fee and single witness fees have been taxed. Several authorities have been submitted which apparently are in conflict, at least to some extent. I adopt the rule laid down in *Kelley* v. *Kelley* (123 Misc. 583), which holds in effect that, where actions are consolidated they cease to exist, and in place thereof only one action is pending. It logically follows, therefore, that, unless a reservation as to costs in the several actions is made in the order of consolidation, such costs cannot thereafter be taxed." See, also, *Hull* v. *Shannon* (139 Misc. 564, 568), where it states: " Bearing in mind the purpose of consolidation as well as the joinder of causes of action as permitted under section 209 of the Civil Practice Act, it seems to me that the several plaintiffs if successful are entitled to one bill of costs on the theory that the coplaintiffs are an entity. The consolidation into one action of the several causes of actions by virtue of the stipulation and order was apparently done because the parties came to the conclusion that there was no legal necessity for separate actions and separate trials, and because there was no desire on the part of any one to unnecessarily accumulate costs.

" In view of my conclusion, the plaintiff is entitled to the order vacating and setting aside the several judgments and bills of costs."

In *Salimoff & Co.* v. *Standard Oil Co. of New York* (259 N. Y. 219, 222) we find: " The defendant and the courts below have approached this action as if there were to be eighteen separate trials of the issues. Section 209 was adopted for the very purpose of avoiding such unnecessary litigation and expense. To facilitate litigants and the courts, all persons whose claims involve any common question of law and of fact may be joined as plaintiffs in the one action. Thus, there will be but one trial, and the main issue of fact, the liability, settled in the one law suit. True, after the cause of action has been established in favor of the plaintiffs against the defendant, there may be separate elements of damage for each plaintiff, but this frequently happens in foreclosure actions, mechanic lien cases and equity cases generally. The practice is not unfamiliar to the courts. The very purpose sought to be accomplished by section

209 would be somewhat frustrated if by consolidation into one action, costs were allowed on the basis of separate actions.

" As the successful plaintiffs can recover but one bill of costs, and the defendant but one bill of costs against the unsuccessful plaintiffs, security should be required, under section 1522, in the sum of $250 from the non-resident plaintiffs, and no more."

It, therefore, follows that the plaintiffs are entitled to one bill of costs in which may be included the necessary and legal disbursements.

Order may be prepared accordingly. It may be agreed upon or settled on notice.