SADIE BOSWELL and Another, Plaintiffs, *v.* DINA GREENBERG and Another, Defendants.

City Court of New York, Bronx County, May 4, 1934.

*Sydney Rosansky*, for the motion.

*Maxwell M. Booxbaum*, opposed.

DONNELLY, J.   The plaintiff Sadie Boswell sued to recover for personal injuries; the plaintiff James Boswell, for loss of services. The jury rendered a verdict in favor of the plaintiff Sadie Boswell and against the defendant Bessie Trachtenberg in the sum of $400, and in favor of the plaintiff James Boswell against the same defendant in the sum of $100.

In *Salimoff & Co.* v. *Standard Oil Co.* (259 N. Y. 219) the court had before it the question of whether or not, pursuant to the provisions of section 1522, subdivision 8, of the Civil Practice Act, eighteen non-resident plaintiffs could each be required to give security for costs.   The court said (at pp. 221, 222): " We must take these statutes as we find them, especially when dealing with the subject of costs, which is entirely statutory.   This provision of section 1522 has not been affected by the amendment of section 209 of the Civil Practice Act, for the simple reason that the Legislature has made no amendments to the cost provisions in reference to this matter.   Article 85 of the Civil Practice Act provides for the allowance of costs to the plaintiff or to the defendant in the cases specified in the sections.   Section 1470 specifies when the plaintiff is entitled to costs of course, section 1475 when the defendant is to have costs, and sections 1476 and 1477 state when costs shall be discretionary.   See, also, section 1483 regarding costs when the recovery is by both the plaintiff and the defendant on separate issues.   * * *   The defendant and the courts below have approached this action as if there were to be eighteen separate trials of the issues.   Section 209 was adopted for the very purpose of avoiding such unnecessary litigation and expense.   * * *   The very purpose sought to be accomplished by section 209 would be somewhat frustrated if by consolidation into one action, costs were allowed on the basis of separate actions."

In *Miranda* v. *Witte* (127 Misc. 669), which was a negligence action, the two plaintiffs, who joined in a single complaint, and each of whom upon a new trial had after judgment in favor of the defendant was reversed, recovered a verdict for $200, were held entitled to one bill of trial costs.   The costs on appeal were to abide the event.   As to those costs, the court held that the plaintiffs were entitled to them as originally taxed.   The actions were

tried in the Erie County Court, the plaintiff's costs in which are governed by section 1474, subdivision 5, of the Civil Practice Act. These provisions are similar to those relating to plaintiff's costs in this court. (Civ. Prac. Act, § 1474, subd. 2.) In the *Miranda* case the court rested its decision upon the circumstance that the provisions of section 209 of the Civil Practice Act make all coplaintiffs an entity, and, for that reason, entitled to one bill of costs. Upon appeal (219 App. Div. 861) the order of the County Court was modified so as to disallow the items of trial costs as taxed, upon the ground that plaintiffs are not entitled to such costs under section 1474 of the Civil Practice Act. (Citing *Haniford* v. *Safer*, 214 App. Div. 435.

In *Haniford* v. *Safer* (*supra*) there were two actions; by the infant plaintiff for personal injuries, and by the infant's guardian for loss of services and medical expenses. The infant plaintiff was a passenger in an automobile of the defendant Safer, which collided with the car of the defendant McCoombs, and the boy was injured. The actions, which were brought in the Supreme Court, Erie county, were tried together and resulted in verdicts against the defendant Safer, the one in favor of the infant being for $100 and the one in favor of the father for $75. In both actions verdicts were rendered in favor of the defendant McCoombs. It was held that plaintiffs were not entitled to costs as against the defendant Safer, for the actions could have been brought in the City Court of Buffalo, and recoveries against Safer in each case being for less than $250, costs could not be taxed against the said defendants. (Citing Civ. Prac. Act, § 1474, subd. 7.)

In *Scioldini* v. *Republic Light, Heat & Power Co.* (224 App. Div. 566, 567) the recovery of each plaintiff was for less than $250. The court said: " We think that the purpose of the enactment of said subdivision 5 of section 1474 was to deprive the plaintiff of costs and disbursements in an action brought in the Supreme or County Court where less than $250 is recovered, if the City Court would have had jurisdiction of the action if it had been brought in it. * * * The plaintiffs are not, therefore, entitled to recover costs and disbursements." The Appellate Division reversed the order granting the plaintiff costs, and the Court of Appeals (251 N. Y. 574) affirmed the order. The report of the case in the Court of Appeals states: " The action was brought in the Supreme Court in the county of Erie to recover for personal injuries alleged to have been sustained by plaintiffs through the negligence of defendant. The recovery of each plaintiff was for less than $250. The Appellate Division held that, inasmuch as the actions might have been brought in the City Court of Buffalo, under the provisions of subdivision 5 of

section 1474 of the Civil Practice Act, the plaintiffs were not entitled to recover costs. The following questions were certified: ' 1. Are plaintiffs entitled to separate bills of costs? ' ' 2. Should plaintiffs be denied costs by reason of the provisions of subdivision 5 of section 1474 of the Civil Practice Act? ' Order affirmed * * * Second question certified answered in the affirmative. First question not answered."

In the instant case I do not believe that the plaintiffs' right to costs is governed by section 209 of the Civil Practice Act. The right to costs is dependent upon statutory provisions, as there is no right thereto at common law. (*Hull* v. *Shannon*, 139 Misc. 564; *Salimoff & Co.* v. *Standard Oil Co.*, *supra*.) Section 209 of the Civil Practice Act simply provides for those cases in which persons may be joined in one action as plaintiffs. Its purpose was to avoid unnecessary litigation *and expense*, a purpose which would be defeated if, because plaintiffs were permitted to join in one action, costs were allowed on the basis of separate actions. (*Salimoff & Co.* v. *Standard Oil Co.*, *supra*.) True it is that an important feature of section 209 of the Civil Practice Act is that there may be but one judgment adjudicating all of the rights of the parties to the action. Costs, however, are merely an incident to the judgment itself, the allowance of which must find its justification by reference to the statute making provision therefor. Section 209 of the Civil Practice Act was taken from the English Practice Act, order 16, rule 1. It is not without significance that in adopting the English procedure as our own, there was omitted from the English rule, provision as to costs in certain instances. (See Gilbert-Bliss Annotated Civil Practice Act, § 209.) To determine the plaintiffs' right to costs in the present instance, recourse must be had to the statute upon that subject, namely, Civil Practice Act, section 1474, which reads: " The plaintiff shall recover no costs or disbursements * * * 2. In an action brought, triable in the city court of the city of New York, which could have been brought, except for the amount claimed therein, in the municipal court of the city of New York, and in which the defendant shall have been served with process within the city of New York, unless *he* shall recover five hundred dollars or more."

Motion granted, with ten dollars costs.