JAMES F. HANNON, Plaintiff, *v.* REUBEN EPSTEIN and ROBERT LENT, Defendants.

Supreme Court, Queens County, December 9, 1936.

*George A. Conway,* for the plaintiff.

*Isidore H. Wachtel,* for the defendant Epstein.

*Joseph Olshansky,* for the defendant Lent. '

HALLINAN, J. In an action for personal injuries, brought against two defendants, a verdict was rendered against the defendant Epstein, alone, for the sum of $750. The successful defendant, Robert Lent, now moves for an order directing the clerk of the court to tax a bill of costs in his favor as against the plaintiff.

The plaintiff is not entitled to a bill of costs against the unsuccessful defendant, Epstein, by reason of the fact that the amount of his recovery is less than $2,000, as provided in subdivision 1 of section 1474 of the Civil Practice Act. Therefore, section 1476 of the Civil Practice Act, providing for discretionary costs in favor of a successful defendant " Where, in an action against two or more defendants, plaintiff is entitled to costs against one or more," is inapplicable. Section 1475 of the Civil Practice Act is the only section under which the moving party may be entitled to costs. Its language is as follows: " Defendant's costs of course. The defendant is entitled to costs, of course, upon the rendering of final judgment in an action specified in sections fourteen hundred and

seventy to fourteen hundred and seventy-three, unless the plaintiff is entitled to costs as therein prescribed; but the fact that in any action a plaintiff is not entitled to costs by reason of having brought the action in a court of jurisdiction higher than that in which it might have been brought shall not entitle the defendant to costs."

Under the first clause of this section the moving defendant, Lent, is the prevailing party, and the plaintiff under no circumstances could be entitled to costs against him. The second clause of this section does not operate against the *successful* defendant, but against the *lcsing* defendant, only, and provides that such a defendant is not entitled to costs merely because the plaintiff by reason of any of the provisions of section 1474 of the Civil Practice Act is barred from costs. Here the moving defendant is not in that position. He is the successful defendant, and clearly comes within the first clause of section 1475 of the Civil Practice Act. (*Haniford* v. *Safer*, 214 App. Div. 435; *Sullivan* v. *Wager*, 139 Misc. 855.) In the *Sullivan* case the infant plaintiff had recovered a verdict of $1,000 in the City Court and her father the sum of $200 against the defendant Fialkoff. The successful defendant, Wager, moved for a bill of costs against each of the plaintiffs but was unsuccessful. The Appellate Term (161 Misc. 295), in affirming the lower court's decision in the infant's case and reversing that in the father's case, said as follows, *per curiam:* " On the facts presented the denial of the motion for a separate bill of costs in the action brought by the infant plaintiff does not appear to have been an abuse of discretion on the part of the court below. In view of the amount of the recovery in the father's action, however, section 1476 of the Civil Practice Act was not applicable (*Haniford* v. *Safer*, 214 App. Div. 435), and the appellant was, therefore, entitled to a bill of costs in his favor in that action."

Motion is granted to the extent that the county clerk of Queens county will be directed to tax a bill of costs in favor of the defendant Robert Lent against the plaintiff James F. Hannon as of course. Submit order.