CHARLES CURRY, an Infant, by FRANCIS J. CURRY, His Guardian ad Litem, and FRANCIS J. CURRY, Plaintiffs, *v.* THE CITY OF NEW YORK and 751 NOSTRAND AVE. CORP., Defendants.

City Court of New York, Special Term, Kings County, July 12, 1937.

*Charles Rosler*, for the plaintiff.

*Paul Windels, Corporation Counsel* [*Samuel Gold* of counsel], for the defendant City of New York.

The defendant 751 Nostrand Ave. Corp. not appearing on the motion or in the action.

RUSSELL, J. This motion is one to compel the clerk of this court to tax costs following trial of a negligence action resulting in a verdict for an infant plaintiff in the sum of $400, and for his father, a joint plaintiff, in a loss of service action of $100, an aggregate recovery of $500. The plaintiffs claim that a joinder under provisions of section 209 of the Civil Practice Act, renders them a single entity, and as such, the total of both judgments equals the sum of $500 and that they thereby become entitled, by virtue of subdivision 2 of section 1474 of the Civil Practice Act, to tax a bill of costs against the defendant. This the clerk has refused to do. Plaintiffs cite certain decisions which appear to support such contention. The problem is one which is not uncommon and is the subject of decisions of contradictory character. In *Margolin* v. *Newmark* (150 Misc. 539), an action by an infant plaintiff for damage based upon negligence, and by its father, for loss of services, the court held that if their combined recovery was $500 or more that they would be entitled to one bill of costs. In *Boswell* v. *Greenberg* (151 Misc. 492) a wife sued for personal injuries due to negligence, and her husband for loss of services based thereon. Each had a verdict of less than $500, but which added equaled $500. The court struck from the judgment costs taxed against defendant. Similar situations have heretofore arisen. The basic decisions in these motions are *Miranda* v. *Witte* (127 Misc. 669: modfd. on appeal to disallow trial costs, 219 App. Div. 861); *Haniford* v. *Safer* (214 id. 435) and *Salimoff & Co.* v. *Standard Oil Co.* (259 N. Y. 219). In *Scioldoni* v. *Republic Light, Heat & Power Co.* (224 App. Div. 566) the court reversed an order allowing costs where recovery of each plaintiff was less than the statutory amount, and in 251 N. Y. 574, the Court of Appeals affirmed such order, a decision which is in point and decisive of the contention herein. In *Boswell* v. *Greenberg* (*supra*, at p. 495) the learned court wrote: " The right to costs is dependent upon statutory provisions, as there is no right thereto at common law. (*Hull* v. *Shannon*, 139 Misc. 564; *Salimoff* v. *Standard Oil Co., supra.*) Section 209 of the Civil Practice Act simply provides for those cases in which persons may be joined in one action as plaintiffs.

Its purpose was to avoid unnecessary litigation *and expense,* a purpose which would be defeated if, because plaintiffs were permitted to join in one action, costs were allowed on the basis of separate actions. (*Salimoff & Co.* v. *Standard Oil Co., supra.*) True it is that an important feature of section 209 of the Civil Practice Act is that there may be but one judgment adjudicating all the rights of the parties to the action. Costs, however, are merely an incident to the judgment itself, the allowance of which must find its justification by reference to the statute making provisions therefor." A distinction, it seems, should be drawn between plaintiffs having independent causes of action which may be cojoined or consolidated into a single action and tried as one under section 209 of the Civil Practice Act, and an action in which there may be an independent action combined with a derivative one, in which latter case, despite the provisions of section 209 of the Civil Practice Act, no costs are to be allowed unless the judgment in the independent action is equivalent to the statutory amount. (Civ. Prac. Act, § 1474, subd. 2.) An action for loss of services by a parent based upon negligent personal injury to a child is a derivative action. (*Reilly* v. *Rawleigh,* 245 App. Div. 190, at p. 191, and decisions there cited.) So, also, is a husband's action under like circumstances for the loss of the services of his wife. (*Maxon* v. *Tomek,* 244 App. Div. 604.)

The present claim of right to costs representing an aggregate sum resultant upon a verdict in an independent cause of action combined with one in a derivative cause, the verdict in the principal cause being less than the statutory amount of $500, no costs may be allowed or taxed. The motion is, therefore, denied.