ANGELO SARACENO, Plaintiff, *v.* EASTERN CAB Co., INC., and Another, Defendants.

Supreme Court, Erie County, August 1, 1938.

*Jacob Weissfeld*, for the plaintiff.

*Leo J. Rosen*, for the defendants.

HINKLEY, J. This motion involves a rather unusual question of the right to costs.

Plaintiff brought his action in negligence in the City Court of Buffalo. By order of this court, plaintiff's action was consolidated with an action then pending in the higher court. The order of consolidation made no reference to costs.

The action originally brought in this court was adjusted without trial and the plaintiff then proceeded with the trial of his action then in this court and recovered the sum of $200.

The controversy now arises over subdivision 5 of section 1474 of the Civil Practice Act, which is as follows: " The plaintiff shall recover no costs or disbursements * * * 5. In an action brought, triable in the Supreme Court or County Court of Erie county, which could have been brought, except for the amount claimed therein, in the City Court of Buffalo and in which the defendant shall have been served with process within the city of Buffalo, unless he shall recover two hundred and fifty dollars or more." Had plaintiff brought his action in this court he would not have been entitled to costs.

The origin of subdivision 5 of section 1474 is clearly defined: " The reason for the enactment of subdivision 5 of section 1474 of the Civil Practice Act is apparent. It was to relieve the County and Supreme Courts of small cases and to compel the trial of such cases in the City Court." (*Scioldoni* v. *Republic Light, Heat & Power Co.*, 224 App. Div. 566, 567.) " Costs were originally given rather as a punishment of the defeated party for causing the litigation than as a recompense to the successful party for his expenses." (2 Carmody N. Y. Practice, § 2; 15 C. J. 19.) " The costs awarded to a successful defendant in a civil action are the indemnity which the law gives him for a groundless prosecution." (*Ferguson* v. *Arnow*, 142 N. Y. 580, 583.) " Costs are certain allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending an action or special proceeding. They are in the nature of incidental damages allowed to idemnify a party against the expense of successfully asserting his rights in court." (*Stevens* v. *Central Nat. Bank*, 168 N. Y. 560, 566.) " An extra allowance is made to reimburse the successful party in a difficult and extraordinary case for the expense of the litigation, which depends to some extent upon the amount claimed." (*People* v. *Bootman*, 180 N. Y. 111.)

Whatever view may be taken of the object or origin of costs, it is apparent from the language of the court in *Scioldoni* v. *Republic Light, Heat & Power Co.* (*supra*), that the deprivation of the right of a successful plaintiff to costs by subdivision 5 of section 1474

of the Civil Practice Act is a penalty attached to him for bringing his action in the wrong court. Here in this instance the plaintiff brought his action in the proper lower court but through no fault of his was compelled to litigate in a higher court where larger or increased costs are provided by statute. It is clear, therefore, that not having been at fault he should not be penalized and having been compelled to litigate in a higher court he should be accorded equal treatment with that of other successful litigants in this court.

The question of costs should always be adjusted if possible at the time of consolidation. The purpose of this opinion is to emphasize that fact to the bar and the opinion is written for the further reason that the question here involved is one of first impression upon a situation which may frequently arise.