In the Matter of the Application of J. STANLEY STEINBERG, Respondent, for an Order Directed to CARROLL E. MEALEY, Commissioner of Motor Vehicles of the State of New York, Reviewing and Annulling the Determination Made by Him in Suspending a Certain Operator's License, etc., against CARROLL E. MEALEY, Commissioner of Motor Vehicles of the State of New York, Appellant.

Third Department, March 4, 1942.

*John J. Bennett, Jr., Attorney-General* [*Edward J. Gretchen, Assistant Attorney-General*, of counsel], for the appellant.

*Krouner & Dobris* [*M. Michel Dobris* of counsel], for the respondent.

HEFFERNAN, J. The Commissioner of Motor Vehicles has appealed from an order of the Albany Special Term of the Supreme Court annulling his determination in suspending the petitioner's operator's license.

The facts are not in dispute, are accurately stated in the opinion of Mr. Justice SCHENCK and will not be here repeated.

Before its amendment the pertinent provisions of section 94-b* of the Vehicle and Traffic Law were:

---

* Sections 94-b and 94-a as considered in this opinion were part of former article 6-A which was repealed as of January 1, 1942.—[REP.

" § 94-b. Failure to satisfy judgments; revocation of licenses and security. The operator's or chauffeur's license and all of the registration certificates of any person, in the event of his failure within fifteen days thereafter to satisfy every judgment which shall have become final by expiration without appeal, of the time within which appeal might have been perfected or by final affirmance on appeal, rendered against him by a court of competent jurisdiction in this State, or in any other State or the District of Columbia, or of any District Court of the United States, or by a court of competent jurisdiction in any province of the Dominion of Canada, for damages on account of personal injury, including death, or damages to property *in excess of one hundred dollars,* * * *." (Italics ours.)

Obviously the language of this statute relating to suspension of a license in case of personal injury or damage to property was quite ambiguous. It might very well have been argued that the wording of this statute warranted suspension in the case of any unsatisfied judgment for personal injuries, irrespective of the amount. In the case of an unpaid judgment for property damage doubt at once arose as to the meaning of the words " damages to property in excess of one hundred dollars." The judgment had to be examined to determine its composition. Before the Commissioner could act the damage item had to be ascertained.

In order to clarify the law and to give it practical application, the Legislature by chapter 463 of the Laws of 1937 amended the section by deleting the phrase " in excess of one hundred dollars " after the word " property " and inserting it after the word " judgment " so that prior to its repeal in 1941, it read:

" § 94-b. Failure to satisfy judgments; revocation of licenses and security. The operator's or chauffeur's license and all of the registration certificates of any person, in the event of his failure within fifteen days thereafter to satisfy every judgment *in excess of one hundred dollars* which shall have become final by expiration without appeal, of the time within which appeal might have been perfected or by final affirmance on appeal, rendered against him by a court of competent jurisdiction in this State, or in any other State or the District of Columbia, or of any District Court of the United States, or by a court of competent jurisdiction in any province of the Dominion of Canada, for damages on account of personal injury, including death, or damages to property, * * *." (Italics ours.)

As amended, the statute applies to " every judgment in excess of one hundred dollars." This language is so plain that it cannot be

misunderstood. The legislative intent was to authorize the suspension of a license in the event of failure to satisfy such a judgment. But it is said that, in construing this statute, we must disregard the item of costs. No authority is cited for such an assertion. It is elementary that costs, when authorized, are part of the judgment. A judgment consists not of the items of damage alone but costs are likewise included. A judgment is the law's last word in a judicial controversy. Its purpose is to compel payment of a debt with costs, or to enforce some other command.

At common law costs were unknown, were not recoverable and were not adjudged in the judgment of the case. The right to recover costs exists only by virtue of statutory authority. Common-law courts have no inherent power to award costs.

Since liability for costs generally is a legal consequence to the entry of a judgment, a court may, when authorized as in this case, render a judgment for costs as part of the general judgment and as an incident thereto. Even a judgment of dismissal usually carries with it the costs of the action and such a judgment will authorize the execution and sale of the property of the person liable therefor normally subject to execution for judgments.

We think that there is no merit in the contention that costs, when allowed, are not an essential part of a judgment. The judgment against petitioner was clearly one in excess of one hundred dollars for the non-payment of which within the statutory time the Commissioner was not only authorized to suspend his license but was required to do so.

In view of our conclusion on this point of the case, the other question involved must be decided.

Section 94-b not only provides that a suspension shall remain in force until the judgment is paid but that it shall continue " until the said person gives proof of his ability to respond in damages, as required in section ninety-four-c of this chapter for future accidents."

In attempted compliance with this provision petitioner alleges that on or about October 20, 1941, he " caused to be delivered to the Bureau of Motor Vehicles of the State of New York * * * a New York financial responsibility insurance certificate issued on an automobile owned by your petitioner's father, fully covering said petitioner for financial responsibility for future accidents as required by the Vehicle and Traffic Law of the State of New York * * *." The Commissioner declined to accept this certificate on the ground that it did not meet the statutory requirements. We think his decision is correct.

The certificate which petitioner sought to file is one provided for in subdivision 2 of section 94-a of the Vehicle and Traffic Law

relating to convictions, where the convicted person is not the owner of a motor vehicle then registered in his name. The provisions of section 94-a have no application to petitioner. He was not convicted of any offense as a result of the collision. Subdivision 2 of section 94-a authorizes the Commissioner to accept proof of financial responsibility furnished by an owner of a motor vehicle on behalf of a convicted person, and " such person who so has been convicted shall thereupon be relieved of the necessity of giving such proof in his own behalf." No such provision is contained in section 94-b. Under this section the suspension shall continue until the judgment is satisfied " and until the said person gives proof of his ability to respond in damages * * * for future accidents." That language means that the proof must be given by the person against whom the judgment was obtained. It does not mean that his father or some one else may furnish the proof. He must do so.

The certificate which petitioner tendered to the Commissioner would only afford protection to a person injured while petitioner was operating his father's car with the latter's permission and consent. It would afford no protection whatever to an injured person in the event of accident while petitioner was operating any other motor vehicle. The plain purpose of this statute is to compel the person against whom a judgment was obtained to give security for future accidents which result from his operation of any motor vehicle.

The order appealed from should be reversed, with fifty dollars costs and disbursements, and the determination of the Commissioner confirmed.

HILL, P. J., and BLISS, J., concur; SCHENCK, J., dissents, in an opinion, in which FOSTER, J., concurs.

SCHENCK, J. (dissenting). This is an appeal by the Commissioner of Motor Vehicles of the State of New York from a decision and final order of the Special Term, which order instructed the appellant to lift the suspension of the petitioner's operator's license, and to restore and/or reissue to the petitioner the said license.

The facts upon which this appeal is based are these:

On April 15, 1940, the petitioner, while driving an automobile which he did not own, was in collision with an automobile owned and driven by one Haas. Haas subsequently brought an action against the petitioner in the City Court of Albany, in which action the jury rendered a verdict in the amount of $100. Pursuant to the City Court Act of the City of Albany, costs in the amount of $15 were awarded to the plaintiff, which, when added to the jury's verdict, gave the plaintiff a total recovery of $115. This judgment

was not satisfied and on the 25th day of September, 1941, the appellant suspended the petitioner's operator's license because of his failure " to satisfy the final judgment of a court in compliance with Section 94-b of the Vehicle and Traffic Law," and further advising him that proof of his financial responsibility in the future would be required. On October 4, 1941, the petitioner satisfied the said judgment in full, and attempted to file with the appellant as proof of his future financial responsibility a certificate of insurance issued on an automobile registered in the name of the petitioner's father. The appellant refused to accept this certificate, and has refused to lift the suspension of and/or reissue the petitioner's operator's license.

The pertinent section of the Vehicle and Traffic Law is section 94-b, which, as amended in 1937, reads in part as follows:

" § 94-b.  Failure to satisfy judgments; revocation of licenses and security.  The operator's or chauffeur's license and all of the registration certificates of any person, in the event of his failure within fifteen days thereafter to satisfy every judgment in excess of one hundred dollars which shall have become final by expiration without appeal, of the time within which appeal might have been perfected or by final affirmance on appeal, rendered against him by a court of competent jurisdiction in this State, or in any other State or the District of Columbia, or of any District Court of the United States, or by a court of competent jurisdiction in any province of the Dominion of Canada, for damages on account of personal injury, including death, or damages to property,  * * *."

It is apparent from the foregoing language of the statute that the paramount issue in this appeal is whether or not the City Court judgment is a judgment " in excess of One Hundred ($100.00) Dollars."  If it is not, the Commissioner has no power to suspend the petitioner's license.  The appellant argues that the verdict of the City Court jury, to which the statutory costs of $15 have been added, is a judgment in excess of $100 within the contemplation of the statute.  With this contention, I am unable to agree.

I think the fair intendment of the Legislature was to apply the amount of the damage actually found as a fact to have been sustained by the judgment creditor, exclusive of costs.

Costs are certain allowances fixed by statute awarded to the successful party for expenses incurred in prosecuting or defending an action or special proceeding.  It might be said that they are incidental damages to indemnify a litigant against the expense of successfully asserting his rights in the courts.  They are allowed to a plaintiff because the default of the defendant made the law suit necessary, and to a defendant because the plaintiff sued him without cause.  (*Stevens* v. *Central National Bank*, 168 N. Y. 560.)

Costs are merely an incident to the judgment itself. The allowance of costs, for which no provision was made at common law, is dependent entirely upon the statutes, and it is only in the statutes that any justification for them arises. (*Curry* v. *City of New York*, 163 Misc. 774; *Boswell* v. *Greenberg*, 151 id. 492.)

Costs are in no sense the subject of a litigation, and, while they are incident to all actions, by a reference to the pertinent statutory provisions, they are merely incidental to the judgment to which they attach. (*Hull* v. *Shannon*, 139 Misc. 564.)

With this theory of costs in mind, it seems obvious that the wording of section 94-b of the Vehicle and Traffic Law did not intend to include costs in the computation of the amount of the judgment. The judgment in the instant case was not a judgment contemplated by the statute, and, therefore, the appellant was without power to suspend the petitioner's license.

In view of the foregoing, it is academic and unnecessary for this court to determine the question of the sufficiency of the certificate of proof of financial responsibility which the petitioner attempted to file with the Commissioner.

The order of the Special Term should be affirmed, with costs.

FOSTER, J., concurs.

Order reversed, with fifty dollars costs and disbursements, and determination of the Commissioner confirmed.