JENNY Ross, Plaintiff, *v.* SYRACUSE TRANSIT CORPORATION et al., Defendants.

VINCENT Ross, Plaintiff, *v.* SYRACUSE TRANSIT CORPORATION et al., Defendants.

Supreme Court, Trial Term, Onondaga County, December 30, 1946.

*Mackenzie, Smith & Michell* for defendants.

*James C. Tormey* for plaintiffs.

MALPASS, J. These are two actions to recover damages suffered by reason of the collision of a bus owned by the Syracuse Transit Corporation and an automobile owned by the defendant Anthony Gidari. The plaintiff Jenny Ross was a passenger in the automobile of the defendant Gidari and suffered personal injuries as a result of the collision and her action is to recover damages for such injuries. The plaintiff Vincent Ross is the husband of Jenny Ross and his action is brought to recover damages for loss of services resulting from the injuries suffered by his wife.

The plaintiffs have recovered judgments against the defendant Gidari, but the jury found a verdict of no cause of action as to the defendant Syracuse Transit Corporation.

The defendant Syracuse Transit Corporation has made a motion in each of the above actions for an order awarding costs to it pursuant to the provisions of section 1476 of the Civil Practice Act. These defendants did not unite in the answers which were filed in these actions and they were not united in interest and it would seem that the defendant Syracuse Transit Corporation should be entitled to costs.

The action brought by the husband Vincent Ross is a derivative action dependent absolutely upon the outcome of the action brought by his wife to recover for her personal injuries and it seems proper to allow the defendant only one bill of costs.

An order may be entered herein awarding to the defendant Syracuse Transit Corporation costs in the action brought by Jenny Ross and denying defendant's application for costs in the action brought in behalf of the plaintiff Vincent Ross. (*Haniford* v. *Safer,* 214 App. Div. 435; *McKeever* v. *Central Taxi Co.,* 248 App. Div. 629; *Sullivan* v. *Wager,* 161 Misc. 295; *Hannon* v. *Epstein,* 161 Misc. 356.)