Charles Lambíase, J.
This is a motion brought on by the defendant ‘1 to amend the judgment as entered in the above-entitled action to provide for one judgment, or in the alternative to provide for consolidation of the two judgments as entered and for a retaxation of costs so that only one bill of costs is entered and for such other and different relief as to the Court may seem just and proper.”
The plaintiffs in this action, represented by the same counsel, in a single summons and complaint have sued their respective causes of action. Plaintiffs were successful upon the trial of the action and thereafter entered separate judgments for each plaintiff and a bill of costs and disbursements has been taxed .and entered in each of said judgments.
Defendant maintains that plaintiffs are entitled to only one bill of costs. It is plaintiffs’ persuasion, vigorously asserted, that each of the plaintiffs is entitled to a separate bill of costs since this was a joinder of separate actions and not a single consolidated action. We think that defendant’s position is supported by overwhelming weight of judicial authority.
Implicit in the determination of the matter before us is the consideration of section 212 of the Civil Practice Act entitled “ Permissive joinder of parties ”, the first paragraph of which is what was formerly section 209 of the Civil Practice Act.
In Salimoff & Co. v. Standard Oil Co. (259 N. Y. 219, 222) the court said: ‘ ‘ Section 209 was adopted for the very purpose of avoiding such unnecessary litigation and expense. To facilitate litigants and the courts, all persons whose claims involve any common question of law and of fact may be joined as plaintiffs in the one action. Thus, there will be but one trial, and the main issue of fact, the liability, settled in the one law suit. True, after the cause of action has been established in favor of the plaintiffs against the defendant, there may be separate elements of damage for each plaintiff, but this frequently happens in foreclosure actions, mechanic lien cases and equity cases generally. The practice is not unfamiliar to the courts. The very purpose sought to be accomplished by section 209 would be somewhat frustrated if by consolidation into one action, costs were allowed on the basis of separate actions.” To the same purport is Akely v. Kinnicutt (238 N. Y. 466); Merten v. Queen Rental Corp. (241 App. Div. 831) and Connolly v. Connolly (151 Misc. 731, affd. 242 App. Div. 722). It seems that the provisions of section 212 of the Civil Practice Act, in effect, so far as carrying on the action and the trial thereof are concerned, make all coplaintiffs an entity, and that such coplaintiffs are entitled to one bill of trial costs and no *51 more, irrespective of the individual awards in the verdict. (Miranda v. Witte, 127 Misc. 669.)
Defendant’s motion is granted to provide for one hill of costs by permitting amendment of the judgments as entered in the above-entitled actions to provide for one judgment and for a retaxation of costs so that only one bill of costs is entered in the above-entitled actions in which there may be included the necessary and legal disbursements, if any, of each plaintiff.