*1044 OPINION OF THE COURT
Melchor E. Castro, J.
This is a review of the clerk’s taxation of costs, pursuant to UCCA 1909. In a matter tried in the Rochester City Court (Pfeiffer, J.), the plaintiff sought to recover money damages on a purported breach of contract. At the close of the plaintiff’s case, the court granted the defendant’s motion for judgment as a matter of law (CPLR 4401). The judgment included costs taxed against the plaintiff in the sum of $300. The plaintiff claims that since the judgment was for not more than $6,000, costs should have been taxed in the sum of $115.
Costs are sums awarded to a prevailing party as compensation for the expense of litigation, but bear no relation to the actual cost (Jacobs v Livschitz, 46 Misc 2d 390). UCCA 1901 details the various costs which may be generally awarded in an action in the City Court,[1] as well as those specific to a money judgment for $6,000 or less.[2]
Plaintiff is incorrect in casting the judgment entered here as being a money judgment for less than $6,000. In support of this contention, plaintiff relies on the decretal paragraph of the judgment which states that the defendant shall recover $300 from the plaintiff for costs as taxed. A judgment is the determination of the rights of the parties in an action or special proceeding and refers to and states the results of the verdict or decision or recites the default upon which it is based (CPLR 5011). Although costs are a part of the judgment (Matter of Steinberg v Mealey, 263 App Div 479), they are merely incidental thereto (Curry v City of New York, 163 Misc 774; Hull v Shannon, 139 Misc 564). The judgment rendered here *1045 was of dismissal following a determination that there was no rational basis upon which the fact finder could return a verdict in favor of the plaintiff (Vera v Knolls Ambulance Serv., 160 AD2d 494). As a judgment of dismissal, rather than one for money damages, the defendant is entitled tu the ordinary costs scheduled in UCCA 1901 (a).
The plaintiff urges that a grant of the ordinary costs found in UCCA 1901 (a) is excessive and unjust. Plaintiff argues that had it prevailed, costs would have been taxed at the lower amount scheduled in UCCA 1901 (b), since the judgment would have been for $6,000 or less. This case suggests that application of the statute provides for disparate treatment of litigants in some actions involving money only. In every action for money damages where the plaintiff prevails on a judgment of $6,000 or less, the plaintiff is only entitled to the reduced costs under UCCA 1901 (b). On the other hand, if the defendant prevails, the defendant is entitled to the greater costs found in UCCA 1901 (a). The question is whether the court may depart from a literal construction of this statute, to forge an arguably fairer result.
In its present form, UCCA 1901 was enacted in 1988. Similar to the cost calculation provisions of the Civil Practice Law and Rules, it provides for the proportionate taxation of costs based upon the stage in the proceedings in which the matter reached disposition. This was a departure from the then existing statutory scheme. The predecessor statute provided for costs pegged to a graduated scale dependent on the amount of the recovery.[3] The outcome driven nature of cost calculation was not entirely eliminated. In adopting the present two tier cost formula contained in UCCA 1901, the statute implicitly recognizes the use of court annexed arbitration in the City Court (CPLR 3405; UCCA 206; 22 NYCRR part 28). Arbitration is mandated[4] in any action commenced in the City Court for which a money judgment in the amount of $6,000 or less is sought. In creating a bifurcated cost formula for the taxation of costs, the *1046 Legislature provided for limited costs in matters which proceed, or should have proceeded through arbitration.
There is nothing contained in the Bill Jacket to suggest that the Legislature considered the anomaly presented in this case. However, the Legislature must be presumed to have intended the result reached here, given the fact that it simultaneously repealed UCCA 1902 upon the enactment of the new UCCA 1901. The repealed section contained a provision which provided costs to the defendant, upon dismissal of the complaint, in a sum equal to those the plaintiff would have recovered on a judgment award in the amount prayed for in the complaint.
It is a fundamental rule of statutory construction that where, as here, the language of a statute is clear and unambiguous, it is a usurpation of the legislative function for a court to interpret the statute other than by its literal meaning (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 76, 92). Whether by design or oversight of the Legislature, the clear language of the enactment precludes the court from adopting any alternative interpretation of the statute, despite its unequal operation (McKinney’s Cons Laws of NY, Book 1, Statutes § 147).
Nor, is the plaintiff entitled to the relief afforded in CPLR 8101. That section provides that the party in whose favor a judgment is entered is entitled to costs unless the court determines that to so allow costs would not be equitable, under all the circumstances. While courts have the discretion to disallow costs, the court is without jurisdiction to vary costs from those set by statute (Moniz v National Constructors, 201 Misc 393).
The plaintiff’s motion to reduce the costs taxed is denied.

. UCCA 1901 (a) reads as follows:
"Ordinary costs. Except as provided in subdivisions (b) and (c) of this section, costs awarded in an action shall be in the amount of:
"1. fifty dollars for all proceedings before a notice of trial is filed; plus
"2. one hundred dollars for all proceedings after a notice of trial is filed and before trial; plus
"3. one hundred fifty dollars for each trial, inquest or assessment of damages.”

. UCCA 1901 (b) reads as follows:
"(b) Limited costs in certain actions. Costs awarded in an action for a sum of money only where the amount of the judgment is not more than six thousand dollars, shall be in the amount of:
"1. twenty dollars for all proceedings before a notice of trial is filed; plus
"2. thirty-five dollars for all proceedings after a notice of trial is filed and before trial; plus
"3. sixty dollars for each trial, inquest or assessment of damages.” ^

. UCCA former 1901 (a) read as follows:
"Costs upon issue joined and after trial shall be calculated as follows:
"(a) for money only: for an amount under fifty dollars, five dollars; for fifty dollars and under one hundred dollars, ten dollars; for one hundred dollars and under two hundred dollars, fifteen dollars; for every additional one hundred dollars or fractional part thereof, five dollars.”

. Following a determination by the arbitrator, any party to the action may demand a trial de novo of the matter before the court (22 NYCRR 28.12).